STATE *ex rel.* ALBERT JACKSON, *v.* A. THOMPSON, State Auditor.

*Mandamus—Office.*—State *ex rel.* Jackson v. Auditor, &c., (34 Mo. 375,) affirmed.

*Petition for Mandamus.*

*Ewing & Muir,* for relator.

The relator applies for a mandamus, now, under circum-

stances totally different from those in which he made application to this court against a former Auditor. (Jackson v. Auditor, 34 Mo. 375.) There is now, no contest for the office of Judge of the 15th Judicial Circuit, and consequently no question of "right to an office," as between contesting claimants, to be determined, that being the ground upon which the application was *then* refused. The relators only remedy now, it is submitted, is by mandamus.

I. The act of 1855 (Sess. Acts of 1855, p. 24) is valid, except so far as it undertakes to limit the tenure of the office of judge. This clause is merely a void provision or condition engrafted upon a valid act. (Const. Amend., R. C. 1855, pp. 94–5; *id.* p. 77; People *ex rel.* Ingersoll v. Gray, 6 Cow. 646; Bausle v. Wilson, 4 Tex. 410; Bruce v. Fox, 1 Dana, 453; 7 How., Miss., 552.)

If there is no express limitation in the Constitution as to the power of the Legislature in the creation of judicial circuits and the fixing the time for holding elections therein, the act in question in these particulars is valid, unless the exercise of this power is clearly repugnant to, or inconsistent with, some express promise of the Constitution.

II. The petitioner was duly elected in 1857, and if duly elected, it was for the full term of six years, commencing from the expiration of the first term in 1861. (1 R. C. 1855, p. 532, and authorities before cited.)

III. The amendments of the Constitution in 1862 only changed the *time* of holding the election for judges from August to November. But the Legislature has enacted no law to give effect to the amendment of the Constitution in this respect. As to the effect of such omission, see State v. Ewing, 17 Mo. 515.

IV. The practical construction by the legislative department of the provisions of the Constitution, on this subject, fully accords with the foregoing views, as shown in the several acts establishing judicial circuits and fixing a time for the election of judges therein. (Acts 1858–9, pp. 27, 32–4; 1 R. C. 1855, p. 552, § 42.)

V. It is submitted that there is nothing in the mere fact, that the election of the petitioner in 1857 was held some three years before the expiration of his first term. This is the case with many of the offices filled by election—members of Congress, for example, who are elected in November, and do not enter upon their duties until December of the year following.

VI. The Constitution nowhere says all the judges of Circuit Courts shall be elected at the same time; and to give such a construction to the clause providing for the first general election in August, 1851, and on the first Monday in August every six years thereafter, is to qualify the other clauses referred to improperly, and to restrict the power of the Legislature under them within narrower limits than their terms and the object in view would warrant. Taking the several provisions on this subject together, the reasonable construction seems to be, that, as to the circuit judges then in office, only the clause providing for a general election should apply; and that the Legislature, under the ample power elsewhere given, (there being no limit as to the number of judges,) might, when the public good required, establish new circuits and provide for the election of judges therein. It is very remarkable, if it had been intended that the judges, to be elected in the circuits thereafter established, should be chosen at the same time with those then in office, it was not so expressed in the simple declaration—that all circuit judges should be elected at the same time.

WAGNER, Judge, delivered the opinion of the court.

This case is the same as the one reported in 34 Mo., between the same parties, except that the petitioner now claims the additional salary that has accrued since the institution of the proceedings thereon. The question involved is the same. A *mandamus* will not be issued to admit a person to an office while another is in under color of right. The election of Emerson as Judge of the 15th Judicial Circuit is admitted: he was regularly commissioned, and held his office under

said election as judge. The register in the office of the Secretary of State showed Emerson to be the judge; and the Auditor, in auditing and allowing the salary, is governed by the register. A conflict of title to the office is then presented, and that cannot be determined by *mandamus*; it must be by a direct proceeding in the nature of a *quo warranto*.

The distinguished counsel for the petitioner has assumed, that, because the office has since been vacated by act of Convention, no question as to title can arise with the incumbent Emerson, and, therefore, *mandamus* is the only remedy; but this is begging the question. If Emerson was legally in as judge, then the petitioner is not entitled to the compensation he seeks; and this involves a determination of who was the legal and rightful occupant of the said office, which we hold cannot be passed upon in this action.

Judge Lovelace concurring, the application for a *mandamus* is refused; Judge Holmes not sitting.