No. 3614.—STATE ex rel. N. A. ROBINSON, District Attorney, and M. D. EDMONDSON v. WILLIAM W. MCNEELY.

A commission issued by the Governor appointing a person to an office not vacant, is an absolute nullity and confers no title whatever in the appointee to the office.

The Governor has no power under the Constitution to destitute a constitutional officer of his office. Such offices can only be vacated in the manner pointed out by the Constitution and the laws.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn*, J. *Dennee & Belden*, for relators and appellees. *Jack & Pierson*, *O. Chaplin & Son* and *J. F. Smith*, for defendant and appellant.

WYLY, J. The relator, M. D. Edmondson, proceeding under the intrusion act, complains that the defendant has intruded into the office of parish judge of the parish of Sabine, which office belongs to the relator by virtue of his election at the November election of 1870 and to which he was duly commissioned and qualified.

The defendant's title to the office is the appointment and commission from the Governor, dated seventh March, 1871.

The court gave judgment for the relator, declaring him the lawful incumbent of the office. The defendant appeals.

There is no doubt that the relator, M. D. Edmondson, is the lawful incumbent of the office in question. He was duly elected and qualified, receiving his commission from the Governor, dated thirty-first December, 1870.

State ex rel. Robinson, District Attorney, and Edmondson v. McNeely.

It is not pretended that he has resigned or has been removed by address or impeachment. It appears as a matter of fact that the commission to the defendant was issued by the Governor in error, the Governor having been led to suppose that the plaintiff had left the State permanently and thus abandoned his office.

It is well settled that a constitutional officer can not be destituted of his office except in the manner provided in the Constitution, and that the appointment to an office not vacant gives no title thereto.

It results, therefore, that the appointment of the defendant on the seventh March, 1871, did not divest the lawful incumbent of his title to the office by virtue of his commission issued December 31, 1870: State ex rel. Downes v. Towne, 21 An. 490.

Judgment affirmed.