## A. M. HUFFMAN v. C. C. MILLS.

MANDAMUS — *Sheriff to Deliver Office Property to Successor.* Where one receives a certificate of election to the office of sheriff from the acting county clerk, after a canvass of the election returns by the acting board of county commissioners, and qualifies by filing his oath and bond with said clerk, said bond being approved by said board. he is entitled to a mandamus to compel the former sheriff to deliver property belonging to the sheriff's office.

*Original Proceedings in Mandamus.*

THE opinion, filed at the June, 1888, session of the court, contains a sufficient statement of the facts.

*George Getty,* and *Edwin A. Austin,* for plaintiff.

*J. J. Milliken, J. M. Johnson,* and *Rossington, Smith & Dallas,* for defendant.

*Per Curiam:* During the year 1887, C. C. Mills was the sheriff of Hamilton county, his term regularly expiring on

or before the second Monday of January, 1888. At the general election held in November, 1887, A. M. Huffman was elected as his successor, the vote being as follows: For Huffman, 447; for Pascal Poe, 234; for S. J. Denson, 144; for Dan. Jones, 102; for Henry Wright, 1. This action is *mandamus*, brought by Huffman in this court on April 16, 1888, to compel Mills to deliver to Huffman certain property belonging to said office of sheriff. The only defense made by Mills is, that no proper canvass of the election returns has ever been made, and that Huffman has never properly qualified for the office. It appears that for some time past Hamilton county has had two sets of persons attempting to hold the several county offices of that county, one set at the town of Kendall as the county seat, and the other set at the town of Syracuse as the county seat. For a fuller history of the troubles in Hamilton county, see the cases of *The State, ex rel., v. Comm'rs of Hamilton Co.*, 35 Kas. 640; same case, 11 Pac. Rep. 902; *The State, ex rel., v. Mills*, ante, p. 76; same case, 17 Pac. Rep. 816; *Neeland v. The State*, ante, p. 154; same case, 18 Pac. Rep. 165. For the purposes of this case we shall assume that the persons attempting to hold the county offices at Kendall were and are the rightful county officers of that county, and that Kendall was and is the rightful county seat of the county; and we shall also assume that *mandamus* is not the proper remedy, but that *quo warranto* is, for the determination of a disputed title to an office; and upon these and other assumptions hereafter mentioned we shall decide this case. At the time of the aforesaid election the persons holding their offices at Kendall were enjoined by an injunction from the district court of that district from performing any of the duties of their respective offices. Here we would also say that we shall assume that this injunction was wrongfully granted and obtained. (*Neeland v. The State, ex rel.*, ante, p. 154; same case, 18 Pac. Rep. 165.) It however prevented the Kendall county officers from acting until after January, 1888. This left only the Syracuse claimants to the county offices to act. Therefore the election returns for said

election were all made to the Syracuse county clerk, and the Syracuse board of county commissioners canvassed such returns, and the Syracuse county clerk issued the certificate of election to Huffman, and Huffman qualified by taking the oath of office and executing a bond, which oath and bond were filed with the Syracuse county clerk, and the bond was approved by the Syracuse board of county commissioners. This was all done on November 19, 1887. At the time the election was held, and up to and after the second Monday of January, 1888, the Syracuse county officers were the only county officers that were acting, and they were acting only at Syracuse; hence the election returns could not well have been made to any other officers or to any other place; nor could any other officers have canvassed them; nor could Huffman have filed his oath of office or bond with any other officer, or have had his bond approved by any other board of county commissioners. He dealt with the only claimants to the county offices that were then acting. Certainly, he had the right to obtain his office in some manner, and he could not, under the circumstances, have done it very well in any other manner than the one which he chose. We think he properly qualified, and the facts make him the sheriff of Hamilton county. If the Kendall county officers had been acting at the time it would have presented a different question. Mills does not claim the office in any other manner than merely as a former sheriff holding over after his term was expired, and until his successor in office shall be duly and legally qualified.

The writ of *mandamus* prayed for will be allowed.