F. Hubbell v. J. R. Armijo.

[No. 1118, March 2, 1906.]

FRANK A. HUBBELL, Appellant, v. JUSTO R. AR-
MIJO, Appellee.

Appeal from the district court of Bernalillo county,
before IRA A. ABBOTT, Associate Justice. Affirmed.

WILLIAM B. CHILDERS, A. B. McMILLEN, E. W.
DOBSON, for appellant.

The governor cannot be invested with the power of
removal from office upon charges.

> Spencer v. County of Sully, 33 N. W.
> 98; Bd. of Com'rs. v. N. P. R. R. Co., 10
> Mont. 420; Ellison v. State, 125 Ind. 496;
> Foster v. Kansas, 112 U. S. 206; Kennard
> v. Louisiana, 92 U. S. 480; Taylor v. Beck-
> ham, 178 U. S. 548; Wilson v. North Caro-
> lina, 169 U. S. 586; Sinking Fund Cases, 99
> U. S. 761; Rhode Island v. Mass., 12 Peters,
> 718; Carter v. Durango, 16 Colo. 536; State
> v. Wallridge, 119 Mo. 390; 24 S. W. 460;
> Kilburn v. Law (111 Cal.) 43 Pac. 615;
> Hart v. Duluth (Minn.) 55 N. W. 118;
> Cooley's Cons. Lim. 110; Bd. of Aldermen v.
> Darrow, 13 Colo. 460, 16 Am. St. Rep. 216;
> People v. Stewart (74 Mich.) 16 Am. St.
> Rep. 646; Ferry v. Kings County, 2 Wash.
> Rep. 341; Page v. Hardin, 8 B. Munroe 672;
> Arkle v. Board of Com'rs. (W. Va.) 23 S.;
> Mechem on Public Officers, Sec. 455; Dul-
> lam v. Wilson, 53 Mich. 392; 51 Am. Rep.
> 128; Police Com'rs. v. Pritchard, 36 N. J.
> L. 114; Hayburn's Case, 2 Dall. 407; United
> States v. Ferrerira, 13 How. 52; Co-Op.
> Ed. 47.

*If the tenure is fixed by law*, or if the officer is ap-
pointed to hold during the pleasure of some other officer
or board than that appointing him, the appointing power
can not arbitrarily remove him.

> Mechem on Public Officers, Secs. 445,
> 447 and 448.

The power of removal for cause is a special one, and it must be strictly pursued.

> Id. Section 450; Dubuc v. Voss, 92 Am. Dec. 527-8; Commonwealth ex rel. Bowman v. Slifer, 25 Penn. State Reports 23, 64 American Decisions 680.

"But the power of removal so conferred must be confined within the limits prescribed for it, and must be pursued with strictness. Hence it can be exercised only for the cause specified and in the manner and upon the conditions fixed. And authority to remove for cause cannot be construed as an implied authority to remove at pleasure."

> Mechem on Public Officers, Sec. 452; Mead v. Treas., 36 Mich. 416; Cooley's Cons Lim. 136, 137.

"In deciding this question (as to the authority of the governor), recurrence must be had to the constitution. That furnishes the only rule by which the court can be governed. That is the charter of the governor's authority. All the powers delegated to him by or in accordance with that instrument, he is entitled to exercise, and no others."

> Field v. People, 3 Ill. 79-80; Note 1, page 137, Cooley's Cons. Lim.; See also, Clarke v. People, 15 Ill. 213.

"The governor has no power to remove elective officers unless he strictly pursues the methods pointed out by the constitution and laws of this state."

> People v. Therrien, 45 N. W. 78-79.

That the power to remove is limited by statute is also held in

> Gorham v. Luckhett, 6 B. Munroe (Ky.) 146; Ex-Parte Lehman, 60 Miss. 967; State ex rel. Atty. Gen. v. McClain, 58 Ohio St. 313, 50 N. E. Rep. 907; Commonwealth v. Shaver, 3 M. & S. (Pa.) 338; Territory v. Ashenfelter, 4 N. M. 134-5.

If he attempted to exercise the power of removal under the statute, then the question arises what are the provisions of the statute and had he the power to remove

F. Hubbell v. J. R. Armijo.

the appellant from office for any acts committed during a prior term of office.

23 Am. and Eng. Ency. of Law, page 445; Speed v. Common Council of City of Detroit, 57 N. W. Reporter 407; 98 Mich. 360; 39 Am. St. Rep. 555; 22 L. R. A. 842; Thurston v. Clark (Cal.) 40 Pac. Rep. 436.

"Acts of drunkenness between the election and qualification of an officer should not be allowed in evidence."

Triggs v. State, 49 Texas 645; Cited in 23 A. & E. Ency. of Law, 445.

"An officer will not be removed for acts done prior to his present term of office, since to do so would be to deprive the people of their right to elect their officers."

Conant v. Gragan, 6 N. Y. St. Rep. 322; Guden v. Dike, 75 N. Y. Sup. 787; Speed v. Common Council, 98 Mich. 360, 57 N. W. 406, 22 L. R. A. 842, 39 Am. St. Rep. 555; State v. Walker, 68 Mo. App. 110; State v. Common Council, 25 N. J. Law, 536; Com. v. Shaver, 3 Watts & S. 338; State v. Common Council, 53 Minn. 238; 56 N. W. 118, 39 Am. St. Rep. 595; People v. Weygant, 14 Hun. 546; People v. McGuire, 27 App. Div. 596; 50 N. Y. Sup. 520; Troop, Pub. Off. C. 16; State v. Walker, 68 Mo. App. 119.

Acts of omission or commission may furnish grounds for civil action, but in the absence of corrupt motive or design, they do not furnish ground for summary removal from office.

23 A. & E. Ency. of Law, 443; In re King, 6 N. Y. Supp. 401; State ex rel. Broath v. Moores, 73 N. W. 395.

This case also holds no inquiry can be made in acts committed before the term of office began.

State v. Bourgeois, 16 So. Rep. 655; Cummins v. Missouri, 4 Wall. 277, 320, 323, 326, 328, 331; Ex Parte Garland, 4 Wall. 333, 377, 378; Ex Parte Mulligan, 4 Wall. 73; V, XIV and VII Amendments to the Constitution.

F. Hubbell v. J. R. Armijo.

NEILL B. FIELD and F. W. CLANCY, for appellee.

"An appointment to office by the executive is complete upon the delivery of the commission. * * * We think that when the governor appointed and commissioned the plaintiff he gave him prima facie title to the office. * * * The commission of the governor when issued must be taken at least, as prima facie evidence that the person holding it is lawfully entitled to the office."

> Conklin v. Cunningham, 7 N. M. 445;
> Eldodt, v. Territory, 10 N. M. 141; Armijo
> v. County Commissioners, 3 N. M. 477; Armijo v. Baca, 3 N. M. 490.

It is better that it be understood that the acts and orders of those without the legal right to exercise official trust must pass the ordeal of the closest scrutiny, and be ratified only so far as justified, by public policy and necessity.

> U. S. v. Alexander, 46 Fed. 731.

"It was the right of relator to be admitted to the office under his *prima facie* title, and hold it pending contest."

> State ex rel. Jones v. Oates, 86 Wis. 639.

The doctrine that a man may constitute himself an officer de facto by forcibly holding possession of the room assigned to the use of the officer, or of the books and papers pertaining to an office, is subversive of the principle upon which recognition is accorded to the acts of *de facto* officers.

> Becker v. People, 156 Ill. 301; State v.
> Callihan, 4 N. Dak. 481; Steinback v. State,
> 38 Ind. 483; State v. Perkins, 139 Mo. 106;
> State v. Lane, 16 R. I. 620; In re Sawyer
> 124 U. S. 200; U. S. v. Alexander, 46 Fed.
> 731; Becker v. People, 156 Ill. 301; State v.
> Callihan, 4 N. Dak. 481; Steinback v. State,
> 38 Ind. 483; State v. Perkins, 139 Mo. 106;
> State v. Lane, 16 R. I. 620; La Pointe v.
> O'Malley, 46 Wis. 35; In re Sawyer, 124 U.

> S. 200; White v. Berry, 171 U. S. 366; Georgia v. Stanton, 6 Wall. 50.

There are legal propositions which it is much more important to have settled definitely than to have them settled in any particular way, and that there is no class of cases which more imperatively demand the rigid adherence by courts to the principles of prior decisions than those which present themselves to the minds of the masses of the people in a political or *quasi* political aspect. It does not tend to increase the confidence of the public generally in the administration of justice, if courts in cases involving the title to office refuse to administer settled principles without regard to the change in the personnel or political affiliation of their members.

> Cochran v. McCleary, 22 Iowa 75; Hagner v. Heyberger, 7 Watts & S. 104; Updegraff v. Crans, 47 Pa. St. 103; Tappen v. Gray, 9 Paige Ch. 506; Same case, 7 Hill, 259; 2 Beach, Mod. Eq. Jur. Sec. 670-71; Taylor v. Kercheval, 82 Fed. 497; Frost v. Thomas, 56 Pac. 899; Fleming v. Guthrie, 3 L. R. A. 53; Lane v. Anderson, 67 Fed. 563; Hecan v. Hutchins, 160 Ill. 550; State v. Hawkins, 44 O. St. 98; Huels v. Hahn, 75 Wis. 468.

## OPINION OF THE COURT.

PER CURIAM.—This is a suit in equity brought by the appellant, Frank A. Hubbell, against the defendant Justo R. Armijo. The complaint setting out in substance that the complainant is a citizen of the United States, residing in the county of Bernalillo and Territory of New Mexico; that at the general election held in and for the said county of Bernalillo on the Tuesday next after the first Monday in November, 1904, he was a candidate for the office of treasurer and ex-officio collector of said county; that he was duly elected to said office and received a certificate of election thereto and that he duly qualified and had been acting and was still acting as such treasurer; that by virtue of said election and qualification he was entitled to serve as such treasurer and col-

F. Hubbell v. J. R. Armijo.

lector for the term of two years commencing on the first day of January, 1905, and ending on the first day of January 1907. That he is and has been in possession of all the paraphernalia of said office, including the tax rolls, etc., and was and is entitled to collect and receive the public taxes and all other moneys legally collectable by the treasurer of said county and to exercise the duties of his said office and receive the fees and emoluments therefor until the expiration of his term on the first day of January, 1905, as aforesaid; that he has never resigned said office as treasurer and ex-officio collector of said county, that he is not dead, and has never abandoned said office and that no vacancy in said office has occurred or been created in any manner since he qualified and entered upon his duties as aforesaid.

Complainant further sets out that certain charges of official misconduct were filed against him with the governor of New Mexico, which charges he sets out in detail, and that the governor of New Mexico, after notifying the complainant of a hearing to be had on said charges proceeded to hear said charges and on the 31st day of August, 1905, that the said governor made an order pretending and claiming to remove the plaintiff from said office of treasurer and collector of said county; that said governor issued and signed a pretended commission under the great seal of the Territory of New Mexico, pretending to appoint and commission the defendant, Justo R. Armijo, as treasurer and ex-officio collector of said county of Bernalillo to fill the pretended vacancy claimed to have been caused by the attempted removal of the plaintiff from said office and a copy of said commission so issued by the governor as aforesaid plaintiff files as an exhibit with his said complaint. Continuing, the plaintiff alleges that the governor of New Mexico had no lawful power or authority to hear or determine the charges filed against him and had no power or authority to remove said plaintiff from office and that the action of the governor in so doing did not create any vacancy in said office. He further alleges that the defendant, Armijo, by virtue of said pretended appointment and commission, has assumed and qualified for said office

of treasurer and ex-officio collector of said county of Bernalillo by taking the oath and giving the bond required by law and is attempting to usurp plaintiff's rights to said office of treasurer and ex-officio collector, and has demanded possession of said office and the property belonging thereto, which said demand was refused by the plaintiff.

Complainant further alleges that the said defendant threatens to take possession of the said office and that unless restrained by an order of the court will take forcible possession of the room occupied by plaintiff as the treasurer's office of said county, and the books, tax rolls and other paraphernalia of said office. He further alleges that although he, plaintiff, is in the possession of the office and in the active discharge of his duty, that the defendant has brought no suit by *quo warranto* or otherwise, to test the title of said office and that the rights of said plaintiff and defendant have never been judicially determined; but defendant threatens to seize the said office, books, papers, etc., by force.

There are many other allegations in the complaint with reference to the power of the governor to remove plaintiff, and the insolvency of the defendant, etc., which in our view of this case it is not material to set out here.

To this complaint the defendant answered, setting up his commission issued to him by the governor of New Mexico, under the great seal of the Territory, which commission is in words and figures following, to-wit:

"PLAINTIFF'S EXHIBIT D."

"IN THE NAME AND BY AUTHORITY OF THE UNITED STATES OF AMERICA. MIGUEL A. OTERO, GOVERNOR OF THE TERRITORY OF NEW MEXICO.

To all to Whom These Presents Shall Come, Greeting:

WHEREAS, a vacancy exists in the office of treasurer and ex-officio collector of Bernalillo county, New Mexico;

KNOW YE, That, reposing special trust and confidence in the prudence, integrity and ability of Justo R.

Armijo, I do hereby appoint and commission him as treasurer and ex-officio collector for Bernalillo county, New Mexico, for the Territory of New Mexico.

The said Justo R. Armijo, is therefore carefully and diligently to discharge the duties of said office by doing and performing all manner of things thereunto belonging in compliance with law, this commission to continue in force during the term prescribed by law.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused to be affixed the great seal of the Territory of New Mexico.

Done at Santa Fe, this thirty-first day of August, in the year of our Lord, one thousand nine hundred and five, and of the Territory fifty-fifth, and of the independence of the United States the one hundred and thirtieth.

(SEAL)                         MIGUEL A. OTERO,

By the Governor.

J. W. RAYNOLDS,

    Secretary of the Territory of New Mexico.

ENDORSED: "Filed in my office this September 27, 1905.

                   "W. E. DAME, Clerk."

And also setting up this qualification to said office as required by law.

The answer set up numerous other matters which are immaterial here for the reason that the plaintiff filed a demurrer to said answer which demurrer was overruled by the court as to the answer, but upon the theory that a demurrer searches the entire record the court carried the same back to the complaint and sustained the demurrer to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action. And the plaintiff electing to stand on the complaint the court rendered a final judgment dismissing the cause with costs, to which judgment plaintiff excepts, and appeals to this court.

The question before us then is whether or not the complaint as filed by the plaintiff, appellant herein, states facts sufficient to constitute a cause of action against the defendant.

The complaint sets out a commission issued by the governor of New Mexico under the great seal of the Territory which upon its face recited that a vacancy existed in the office of treasurer and collector of Bernalillo county, and appointing thereto the defendant Justo R. Armijo.

In the case of Eldodt v. Territory, 10 N. M. 141, this court said, speaking through Crumpacker, Judge: "Where one has received an appointment to a public office from the authority invested with power to make such an appointment, and has duly qualified in accordance with statutory requirements, the law will presume, in the first instance, that the appointment was legal, and that the appointee is the rightful incumbent of the office designated in the appointment." Citing Conklin v. Cunningham, 7 N. M., 445.

It will be seen that the complaint in this case sets out the appointment and commission of the defendant and his qualifications thereunder. This in our view brings the case squarely within the rule laid down by this court in the case of Territory v. Eldodt and Conklin v. Cunningham, supra.

If the commission of the governor is prima facie title to any office which the governor is by law empowered to fill, in case a vacancy exists, then it must appear that the appellant, Hubbell, under the allegations of his complaint was not entitled to the relief sought, for the commission so reciting is *prima facie* evidence of such vacancy and the court will not go behind its recitals in a collateral proceeding.

If Armijo was the *prima facie* treasurer and collector of Bernalillo county and his right thereto can only be questioned by an action in the nature of *quo warranto* to test his title, and such is undoubtedly the doctrine announced in the two cases cited, then it is inconceivable that one who has not the *prima facie* right to such office could maintain a suit in equity to enjoin him from exercising the duties of said office or from obtaining the paraphernalia, books, papers, etc., belonging to said office.

Whatever we may think of the authority upon which the cases of Territory v. Eldodt and Conklin v. Cunning-

ham, are grounded, it is nevertheless true that the principle of those cases has become the settled law of this Territory under the decision of this court, and we are loath to disturb them. While those cases may not be upheld by the weight of authority elsewhere we believe that the doctrine of these decisions should be applied and that greater harm would be done to the interests of the public in this Territory by overruling them than by adhering to them.

Upon the authority announced in those two cases the judgment of the lower court is affirmed, with costs, and it is so ordered.

By the court.

WILLIAM J. MILLS,
Chief Justice, etc.