## Commonwealth ex rel., Appellant, *v.* Conroy et al.

*Public officers—Borough councilman—Quo warranto — Mandamus—Testing right to office—Removal of councilman.*

Where a councilman of a borough is removed from his office of councilman by the borough council, and another person is elected to fill his place, such person is in office with a color of title and is a de facto councilman. If the former incumbent attacks such person's right to occupy the office, he must do so by quo warranto proceedings, and not by mandamus.` If in quo warranto proceedings he establishes his right to the office, and the council refuses to admit him, he may then proceed by mandamus.

Argued April 27, 1920. Appeal, No. 6, Jan. T., 1921, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1920, No. 769, for defendant, on demurrer to return on petition for mandamus, in case of Com. ex rel. Raniero Giombetti v. James P. Conroy, Burgess, et al., Councilmen of the Borough of Winton, Lackawanna County. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Petition for mandamus. Before EDWARDS, P. J.

The prayer of the petition was for a peremptory mandamus to compel defendants to recognize petitioner as a member of the borough council of Winton. The court granted an alternative writ of mandamus to which defendants made return. The relator demurred to the return. The court held that the proper remedy was quo warranto, sustained the demurrer, and entered judgments for defendants. Relator appealed.

*Error assigned* was judgment, quoting it.

*David J. Reedy,* with him *John Memolo,* for appellant.

*E. C. Amerman* and *Martin F. Lally,* for appellees, were not heard.

PER CURIAM, May 26, 1920:

In entering judgment for the defendants the court below said: "The relator in the present case was removed from the office of councilman by the borough council, and another person was elected to fill his place. The latter person is now in office with a color of title, and is a de facto councilman. The relator attacks his right to occupy the office. He must do this by quo warranto proceedings. If in such proceeding the relator establishes his right to the office, and the council refuses to admit him, then he may proceed by mandamus." This is a concise, clear and correct statement of the whole case, and, on it, the judgment is affirmed.

Judgment affirmed.