## [No. 3201.   Oct. 15, 1926.]

## JARAMILLO, County Clerk, etc. v. State ex rel. BOARD OF COUNTY COM'RS OF SANDOVAL COUNTY.

### [250 Pac. 729]

### SYLLABUS BY THE COURT

1. Conklin v. Cunningham, 7 N. M. 445, 38 P. 170, examined, and **held** that the controlling considerations in the decisions reached were the fact that the Governor possessed the recognized power to remove the sheriff and thus to create a vacancy, behind which executive act the court could not go in mandamus proceedings; and the further fact that the prior incumbent had admitted of record, by institution of proceedings in quo warranto, that he was not a de facto officer.

2. Territory ex rel. Vaughn v. Eldodt, 10 N. M. 141, examined and **held** that the controlling consideration in the decision reached is the fact that the term of

[1] 38CJ p. 708 n. 57.   [2] 38CJ p. 708 n. 57.   [3] 15CJ p. 970 n. 30, 31; 38CJ p. 706 n. 40, 41.   [4] 38CJ p. 709 n. 62, 63, 64, 64 New; 29Cyc p. 1392 n. 62.   [5] 38CJ p. 711 n. 2; 29Cyc p. 1415 n. 69 New; 32 Cyc p. 711 n. 2.   [6] 29Cyc p. 1401 n. 44, 50 New, 55; p. 1402 n. 60; p. 1408 n. 18; p. 1437 n. 55.   [7] 38CJ p. 705 n. 34, 35; p. 713 n. 27; 32Cyc p. 1420 n. 54.   [8] 29Cyc p. 1415 n. 69 New.

the prior incumbent, Eldodt, had expired at the time of the appointment of Vaughn, and that the appointment to fill such vacancy by the Governor was supported by that fact.

3. In granting or refusing a peremptory writ of mandamus in respect of public officers, the court is actuated primarily by the necessity that the office be full, so that the public business may be transacted; hence, if the office is not full, the writ is granted to relator, if he show prima facie title. Such a title concludes the court, since mandamus is not allowable as a remedy to try title to public office.

4. Where the relator has a certificate of election from a duly constituted canvassing board and has qualified for the office, as required by law, and where the term of the prior incumbent has expired, the relator has the prima facie title to the office; the prior incumbent, under these circumstances, not being a de facto officer, but a mere recalcitrant intruder.

5. Where the Governor has the power to remove an incumbent from office, the exercise of such power in a particular case is not reviewable by the court in mandamus proceedings and must be taken as conclusive of the existence of a vacancy and the end of the term of the prior incumbent. Hence, a commission issued by the Governor to fill a vacancy created by such removal, he having the power to fill such vacancy as well as to create it, constitutes prima facie title to the same extent that a certificate of election does against one whose term has expired by operation of law.

6. Under the Constitution and laws of the state of New Mexico, the Governor is without power to remove an elective officer, and he may appoint to fill a vacancy only when the vacancy, in fact, exists. Nevertheless, a commission issued by the Governor to fill a vacancy, reciting that a vacancy exists, carries the presumption that the vacancy did, in fact, exist at the time of the appointment and that the commission is therefore valid and legal.

7. Notwithstanding this presumption in favor of executive acts, where it appears in mandamus proceedings that the office is full by a de facto officer holding under color of right, the writ will be refused for the reasons that the granting of the writ would be against public policy, inasmuch as it would admit a second person to an office already filled de facto by another to the confusion of the public business, the de facto officer not being a party to the suit; resort must still be had to further proceedings to test their disputed titles; the duty sought to be enforced is not clear and unmistakable, and the **proper remedy is** at law by quo waranto.

8. Where an office is full by a de facto officer, claiming under color of right, before the expiration of his term,

and he has not been removed by any court or tribunal authorized to remove him, such officer has prima facie title to the office.

Appeal from District Court, Sandoval County; Helmick, Judge.

Suit by the State, on the relation of the Board of County Commissioners of Sandoval County, for mandamus to be directed to Ramon Jaramillo, County Clerk and ex-officio Clerk of the Board of County Commissioners of Sandoval County. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with direction.

Mechem & Vellacot, Geo. S. Klock, and M. J. McGuiness, all of Albuquerque, and Carl H. Gilbert and C. J. Roberts, both of Santa Fe, for plaintiff in error.

Fred E. Wilson, Atty. Gen., and Dennis Chavez, of Albuquerque, for defendant in error.

OPINION OF THE COURT

RYAN, District Judge. [3] This is a writ of error sued out by Ramon Jaramillo, county clerk and ex officio clerk of the board of county commissioners of Sandoval county, against whom a peremptory writ of mandamus was granted by the district court for that county, commanding him as clerk of the board of county commissioners to record the minutes made at a purported meeting of the board attended by L. C. Mondragon, whose official status as county commissioner is not questioned, and Tomas Montoya, who had been appointed by the Governor to fill the office theretofore held by J. M. Sandoval.

J. M. Sandoval was elected county commissioner at the general election of November, 1924. A certificate of election was issued to him by the canvassing board for the county. He qualified as required by law and proceeded upon the performance of his official duties. On Juy 2, 1926, there was issued to Tomas Montoya, above referred to, by the Governor a commission appointing him to the office of county commissioner, de-

clared in the commission to have been vacated by J. M. Sandoval. The commission recites:

"Whereas, a vacancy is declared to exist in the office of county commissioner of the Second district of the county of Sandoval by reason of the removal and absence from the county of J. M. Sandoval."

Under this commission, Montoya undertook to qualify as county commissioner in place of J. M. Sandoval. On the 13th day of September, 1926, he and Mondragon affected to transact certain official business and demanded of the clerk that he enter the same in the minutes of the board of county commissioners. Upon the refusal of the clerk so to do, this action in mandamus was instituted against him in the lower court to compel the entry and recordation of the minutes so made.

In the answer which he filed to the writ, the respondent, the above-mentioned county clerk, denied that Montoya had been appointed a member of the board of county commissioners and that he had qualified as such; he further denied specifically every provision of the statute which defines the conditions under which a vacancy in the office of county commissioner may occur. And he alleged affirmatively the election and qualification of Sandoval, who, he further alleged, had been present at every meeting of the board, acting as a member thereof; that he was in full possession of the office; that he had never surrendered it; that he acted as commissioner on September 13, 1926, and participated in the meeting of the board at that time, and that he, the clerk of the board, had recorded the minutes made by such board.

The plaintiff in error, herein called the respondent, sets forth 19 assignments of error. We consider, however, only the basic question involved. The argument in the case was presented to us in this manner, and we assume the condition of the record justifies such presentation.

The relator urges, in support of the action of the

trial court in granting the peremptory mandate against respondent, that the rule first announced in Conklin v. Cunningham and Eldodt v. Territory, and approved in subsequent decisions, has become the settled law of this state. This rule, he maintains, is to the effect that where the Governor appoints to public office, the commission evidencing such appointment constitutes prima facie title in the appointee, and, in mandamus proceedings, is conclusive of the existence of the fact prerequisite to the appointment; that is to say, if the, commission recites that the appointment is made by reason of a vacancy existing in the office, the recital is conclusive, since an issue made upon that point would be a collateral attack upon the validity of the commission and an effort to try title by mandamus proceedings; whereas, such title to public office can be tried only directly by an action at law by quo warranto. This rule thus rather concisely stated so far applies to the facts in this case that, he argues, the commission from the Governor to Montoya confers upon the latter prima facie title; and this is so, notwithstanding it might have been shown by the respondent that Sandoval was elected to the office of county commissioner, had a certificate from the proper canvassing board, had duly qualified as required by law, and was the actual incumbent, engaged in the performance of the duties pertaining to that office at the effective date of the mandate. Stated otherwise, with particular reference to the facts in this case, this rule is that the commission issued to Montoya, reciting that Sandoval had removed and was absent from the county of Sandoval, thereby vacating his office, this recital, in mandamus proceedings must be taken as equivalent in force and effect to the fact itself; the conclusion, therefore, being irresistible that the office was, in fact, vacant at the time of appointment; that the commission was prima facie title to the office, and that the prior incumbent, Sandoval, was, upon the qualification of Montoya, not a defacto officer, but a recalcitrant intruder. And we understand, relator concedes that the effect of the application of the rule, as contended for by him, would be, in

such cases as this is, to oust an incumbent in the position of Sandoval, and impose upon him the burden of establishing the fact that he is the de jure officer by quo warranto.

The pertinent inquiry is, therefore, Does the rule contended for by relator reflect the correct interpretation of Conklin v. Cunningham and Eldodt v. Territory? These cases are precedents to which this court adheres, but our adherence to them does not involve, necessarily, a comprehensive acceptance of everything therein stated discursively or by way of argument. We profess, on the other hand, a firm and clear regard for the essential facts which the court in the cases mentioned had before it for consideration. These facts, we conceive, not only persuaded the court to the decisions reached, but now elucidate the true meaning of them and impose proper limits to their application.

[1] Conklin v. Cunningham was a mandamus suit, brought by Cunningham to compel Conklin to turn over to the relator all the books, papers, property, and prisoners pertaining to the office of sheriff and ex officio collector of Santa Fe county. The facts before the court were that the respondent, Conklin, was the duly elected and qualified sheriff of the county; that on the 27th day of June, 1893, the Governor of the territory summarily removed him from office and appointed the relator, Cunningham, to fill the vacancy caused by such removal; that on the 30th of June, 1893, Cunningham qualified for the office, as required by law, and that the prior incumbent, Conklin, upon demand, refused to deliver to him the above-mentioned property and effects of the office. The respondent denied, argumentatively, that he had been removed from office, challenging the authority of the Governor in respect of such removal. He alleged his de facto and de jure possession of the office, and showed that on the 3rd day of July, 1893, he obtained from the district court for the county of Santa Fe an order in the nature of quo warranto upon the relator, Cunningham, to determine title to the said office of sheriff as between him

and Cunningham. The court held that the appointment of Cunningham constituted a commission that was prima facie evidence that he was entitled to the sheriffalty, and imposed upon the respondent, Conklin, the burden of showing a better title by an action in the nature of quo warranto.

To this conclusion the court was led by two considerations. They were: (1) That the respondent, by having recourse to the writ of quo warranto to establish title to the office involved, admitted that he had been deprived of the possession of said office by the order of the Governor removing him, and that it was in Cunningham by the appointment of the Governor at the date of the institution of the proceedings in quo warranto; that quo warranto, in its nature, involves a possession and user of an office by another than the relator; being without such foundation, such a writ should not be issued and cannot be maintained; that the institution of quo warranto proceedings amounted to the essential admission, which the court would take to be the existing fact, that Cunningham was the de facto officer in charge of the office at the time involved. (2) That the Governor of the territory removed Conklin from the office of sheriff by virtue of authority vested in him by statute, duly enacted by the Legislature of the territory, for cause shown by proof satisfactory to him; that it was a conclusive presumption that the executive, in making the order of removal, acted within the limits of his authority; and that, therefore, Conklin ceased to be sheriff by the one executive order, and Cunningham became prima facie such official by the other.

[2] Eldodt v. Territory was also an action in mandamus affecting public office. In the lower court, J. H. Vaughn, as relator, was granted a peremptory writ of mandamus against Samuel Eldodt, compelling the latter to deliver to him the books, papers, seals, insignia, and paraphernalia pertaining to the office of territorial treasurer. At the time involved, the office of territorial treasurer was not filled by election, but

by appointment of the Governor, by and with the advice and consent of the territorial council. Eldodt was appointed territorial treasurer by the Governor, by and with the advice and consent of the council on March 2, 1897, for the statutory term of two years, and, upon his appointment, duly qualified and proceeded to discharge the duties of the office. The Legislature for the year 1899—the term of Eldodt having expired by operation of law—adjourned without the confirmation by the council of any nominee of the Governor to the office; and on June 23 of that year the Governor appointed and commissioned Vaughn to be territorial treasurer, and Vaughn qualified for the office, as required by law; and, upon his demand, Eldodt, the prior incumbent, refused to deliver possession of the office.

The controlling consideration in this case we consider to be the fact that the term of Eldodt had expired at the time of the appointment of Vaughn, so that the vacancy in fact existed in this case by operation of law, as it did in the case of Conklin v. Cunningham, by executive action. We note the fact that the argument in Eldodt v. Territory does not place the emphasis upon the fact of vacancy arising from the expiration of the term of Eldodt that we do here. It is clear, however, that the Eldodt Case, in express terms, professes to base the decision reached upon the rule announced in Conklin v. Cunningham. Consequently the former case is to be interpreted in the light of the reasoning employed in the latter.

These two cases have been consistently approved by every subsequent decision handed down by this court to which they might furnish a precedent. We have analyzed all of these later cases carefully, and find nothing in any of them that might cast doubt upon what we consider as essentially controlling in the two precedents under examination.

Hubbell v. Armijo, 13 N. M. 490, 85 P. 1046, which was an injunction case brought by the elected sheriff

against the qualified appointee of the Governor to enjoin such appointee from disturbing the former in the possession and conduct of the office of sheriff, follows Conklin v. Cunningham, the facts being identical to the extent that the vacancy, to fill which the commission issued was created by the Governor, by an order summarily removing the elected sherifff.

Baca v. Parker, 13 N. M. 446, 87 P. 465, was an action in prohibition and presented the same facts as Hubbell v. Armijo.

In Territory v. Armijo, 14 N. M. 205, 89 P. 267, it is true, the court held against the asserted power of the territorial Governor to remove the sheriff during his term. That question was presented to the court in Conklin v. Cunningham and argued vigorously, we may assume, from the dissenting opinion filed therein; but it exerted no influence upon the conclusion reached, the court observing that neither the existence nor the manner of exercising such power was a matter for collateral inquiry.

In Vigil v. Stroup, 15 N. M. 554, 110 P. 830, and in Trust Company v. Bank, 18 N. M. 601, 139 P. 148, the Conklin v. Cunningham and Eldodt Cases were cited by the court, but obviously, the rule now being considered did not affect either the argument or decision of the court.

In Board of Commissioners of Guadalupe County v. Anaya (N. M.) 242 P. 335, which was an injunction suit on behalf of apparent de jure officers in possession against other pretended officers as intruders, the Eldodt and Cunningham Cases were cited with approval, but, since the plaintiffs were not only de jure officers, but incumbents in possession performing the duties of the office, such circumstances lifts this case from the application of the rule relator here argues for.

The factor in the Conklin v. Cunningham Case, noted above, that the respondent, by alleging the institution by him of proceedings in quo warranto, admitted that

he was not a de facto officer, we defer comment upon until later in this opinion.

[**4**] We point out, then, that, in both Conklin v. Cunningham and in Eldodt v. Territory, the terms of the prior incumbents were at an end, in the one case by executive order, and in the other by operation of law; and we hold that this not only imparts proper meaning to and accurately defines the scope of these precedents, but places them clearly within the whole current of authority to the precise point to which only they serve as precedents. This is:

"That one holding a certificate of election or a commission from an officer or tribunal authorized to issue the same, and who qualifies and properly demands possession, has the prima facie right of possession as against a recalcitrant intruder who holds over after his term expires." 38 C. J. 709.

The important consideration in the rule announced is the cessation of the term of the incumbent, whether it be by operation of law, by judgment of ouster in quo warranto, or by order of removal granted by the proper officer or tribunal. Where such is the case and the relator has a commission or a certificate of election, the prior incumbent is not a de facto officer holding under color of right, but is a mere intruder. 38 C. J. 709; People ex rel. Cummings, v. Head, 25 Ill. 287 People ex rel. Brewster v. Kilduff, 15 Ill. 492; Huffman v. Mills, 39 Kan. 577, 18 P. 516; Mitchell v. Carter, 31 Okl. 592, 122 P. 691; Stephens v. Carter, 27 Or. 553, 40P. 1074, 31 L. R. A. 342, and note; State ex rel. Ayers v. Kipp, 10 S. D. 495, 74 N. W. 440; State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; State ex rel. Love v. Board of Freeholders, 35 N. J. Law, 269; Cotteral v. Barker, 34 Okl. 533, 126 P. 211; State ex rel. Love v. Smith, 43 Okl. 231, 142 P. 408, L. R. A. 1915A, 832.

This is the rule that Conklin v. Cunningham and Eldodt v. Territory are precedents for, and relator is in error in his contention that the rule may be invoked, as determinative of the facts before us in this case, in his favor.

[6] Accepting as true, for the purpose of argument, the position of the respondent asserted by him, Sandoval was in office by virtue of a proper certificate of election; he had qualified; his term had not expired; and he had not been removed by any officer or tribunal authorized to remove. Does, therefore, the rule in Conklin v. Cunningham and Eldodt v. Territory, as we have interpreted it, apply to him, upon these assumed facts? We think not. Under the Constitution and the laws of this state, the Governor is without power to remove an elective officer, and the exercise of such power by him, the record discloses, is in nowise pretended or asserted; he may appoint to an elective office when a vacancy exists, but a prerequisite to the valid exercise of the power is the existence of a vacancy in fact. It is the fact, and not the recital or declaration of it in the commission, that endows the appointment in such circumstances with validity. If the fact did not exist, the appointment is a mere nullity and confers no authority upon the appointee, either as a de facto or as a de jure officer. State ex rel. Attorney General v. Seay, 64 Mo. 89, 27 Am. Rep. 206; State ex rel. Addison v. Williams, 25 Minn. 340; State ex rel. Robinson v. McNeely, 24 La. Ann. 19; State v. Wrotnowski, 17 La. Ann. 156; Ewing v. Thompson, 43 Pa. St. 372; Troup on Public Officers, § 437.

This statement, however, is not to be interpreted as an assertion that, before the commission of appointment issued by the Governor may be valid for any purpose, the fact of vacancy upon which it was predicated must first be judicially settled. On the contrary, we clearly recognize that this is not so, and that it is presumed as a matter of law that an officer has correctly performed his duties, and, in the performance of them, has acted within the scope of his authority; and, where he has power to act only in a certain contingency, it will be presumed that the contingency existed. McCamey v. Wright, 96 Ark. 477, 132 S. W. 223; People v. Scott, 52 Colo. 59, 120 P. 126; McDowell v. Burnett, 92 S. C. 469, 75 S. E. 873; Slaughter v. Cooper, 56 Tex.

Civ. App. 169, 121 S. W. 173; Cahill Swift Mfg. Co. v. Hayes, 98 Kan. 269, 157 P. 1169; denying rehearing, 97 Kan. 740, 156 P. 735; Hamilton v. Erie R. Co., 219 N. Y. 343, 114 N. E. 399, Ann. Cas. 1918A, 928; affirming judgment, 170 App. Div. 901, 154 N. Y. S. 1125; Cotton v. White, 131 Ark. 273, 199 S. W. 116; Stoker v. Stoker (Tex. Civ. App.) 254 S. W. 398.

[5] But this presumption does not carry the conclusion claimed for it by relator. It is not evidence of prima facie title in the sense that this court used the term in Conklin v. Cunningham and Eldodt v. Territory. If the Governor appoint to fill a vacancy, the commission so far imports validity that, of its own force, it constitutes the appointee a de jure officer, where the office designated in the commission is not full by a de facto officer. But here the presumption ends; it is not prima facie title in mandamus proceedings to the extent and in the sense that a certificate of election is against one whose term has expired, or a commission is against one who has been ousted in quo warranto or removed from office by an authorized tribunal. In such cases, the prima facie title draws to itself complete de facto rights, and, as affecting the prior incumbent, renders the office corporeally as well as legally vacant, so that the prior incumbent, resisting, occupies the position of a recalcitrant intruder. Not so is the relation between the incumbent denying vacancy and the appointee under a commission which recites, but does not create, a vacancy. If the vacancy existed at the time of the appointment, the commission is valid, and the officer named, de jure. If not, the commission is nothing, and the incumbent the de jure as well as the de facto officer.

[7] Here the impropriety of mandamus, as a remedy sought by the appointee, becomes manifest. The mandate is grantable only where the duty, the performance of which is to be compelled, is clear and unmistakable. Necessarily, it cannot be so where determinable by conduct charged to the incumbent, which may or may not be established. Further, the prime concern

of the court is that the duties of the office be per-
formed and that, therefore, there be a de facto officer
whose official acts, as such, are clothed with full valid-
ity. This concern is satisfied on the ascertainment of
the fact that there is an incumbent discharging the
duties of the office under color of right; and placing
another therein, does not protect but on the contrary
imperils the interests of the public in the office in-
volved.

[8] Confronted by such a situation as the record
in this case presents, courts, uniformly hold that since
the real issue is that of title to the office, it is to be
tried between the parties themselves, and directly by
quo warranto, which is the exclusive remedy to try
title to public office. The incumbent holding office
under a certificate of election during his term, and not
legally removed, has the prima facie title, and this title
and the rights of office pertaining to it may be set at
naught by quo warranto, but cannot be disturbed col-
laterally by mandamus.

In Conklin v. Cunningham, the territorial Supreme
Court said, with reference to the standing in mandamus
of the relator Cunningham, in view of the answer filed
by Conklin admitting institution by him of quo war-
ranto proceedings in the district court:

"Cunningham was the de facto sheriff of said county in
charge, of the office, on the 3rd day of July, 1893, ac-
cording to the representation of Conklin in the proceeding
to determine the title to the office, and he cannot be heard
to contradict himself on the 7th day of July in a collateral
pro-issue, not involving the title."

In the case of Delgado v. Chavez, 140 U. S. 586, 11 S.
Ct. 874, 35 L. Ed. 578, brought to the United States Su-
preme Court by writ of error, speaking to this precise
point, Mr. Justice Brewer said:

"It was enough in this case for the court to determine,
and it must be presumed that the evidence placed before it
was sufficient to authorize an adjudication, that the pe-
titioners were commissioners de facto. As such, the
clerk was bound to obey their commands and record their
proceedings, * * * and it, as must be assumed from

the decision found that these petitioners rather than their contestants, were the commissioners de facto. * * * Who would doubt, if these petitioners were, the unquestioned commissioner of the county that mandamus would lie to compel the clerk to recognize them, and record on the county books their proceedings, as such? Does the fact that certain parties are contesting their rights as commissioners oust the court of jurisdiction, or forbid it to compel other county officers to recognize them? Must the office of county commissioners remain practically vacant, and the affairs of the county unadministered, pending a trial of a right of office between contestants? Surely not; public interests forbid. They require that the office should be filled; and that when filled by parties under color of right, all other officers should recognize them as commissioners until their right to hold the office has been judicially determined adversely, by proper quo warranto proceedings."

In High's Ex. Legal Rem. (3d Ed.) § 49, the learned author says this:

"And the rule may now be regarded as established by an overwhelming current of authority that when an office is already filled by an actual incumbent, exercising the functions of the office de facto and under color of right, mandamus will not lie to compel the admission of another claimant or to determine the disputed question of title. In all such cases the party aggrieved, who seeks an adjudication upon his alleged title and right of possession to the office, will be left to assert his rights by the aid of an information in the nature of a quo warranto, which is the only efficacious and specific remedy to determine the questions in dispute. And whenever it is apparent on the face of the pleadings that the issue presented involves a determination as to the person properly elected to an office or entitled to exercise its functions, the writ of mandamus will be withheld "

This text is supported by practically all American texts, and we cite, particularly, the following: State v. Dunn, Minor (Ala.) 46, 12 Am. Dec. 25; Ex parte Harris, 52 Ala. 87, 23 Am. Dec. 559; Kelly v. Edwards, 69 Cal. 460, 11 P. 1; City Council v. Ferguson, 19 Colo. App. 399, 75 P. 603; State ex rel. Addison v. Williams, 25 Minn. 340; State ex rel. Love v. Smith, 43 Okl. 231, 142 P. 408, L. R. A. 1915A, 832; Kimball v. Olmstead, 20 Wash. 629, 56 P. 377; Commonwealth v. Conroy, 267 Pa. 518, 110 A. 166; Ewing v. Turner, 2, Okl. 94, 35 P. 951; People ex rel. v. Asylum, 122 N. Y. 190, 25 N. E. 241, 10 L. R. A. 381; State of New Jersey ex rel. Leeds

v. Mayor, 52 N. J. Law, 332, 19 A. 780, 8 L. R. A. 697; State ex rel. Casey v. Chase, 64 N. J. Law, 207, 44 A, 872; Hartingh v. Iosco, Circuit Judge, 210 Mich. 568, 177 N. W. 982; French v. Cowan, 79 Me. 426, 10 A. 335; State ex rel. Jackson v. Thompson, 36 Mo. 70; Daugherty v. Flippinger, 177 Ill. App. 522; Bonner v. Pitts, 7 Ga. 473; City of Sanford v. Preston, 73 Fla. 69, 75 So. 619; Harrison v. Simonds, 44 Conn. 318; Black v. Board of Police, 17 Cal. App. 310, 119 P. 674; Drescher v. Board of Supervisors, 191 Cal. 234, 215 P. 902.

The court below granted the peremptory writ of mandamus upon the commission held by Montoya, regarding the same as evidence of prima facie title and, as such, foreclosing further inquiry. This was error.

The judgment of the lower court is reversed and the cause remanded, with direction to discharge the writ, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.