MERSHON-WELSH COMPANY, Appellant, v. INTERNA-
TIONAL STATE BANK, by Smith, Sup't of Banks,
Respondents.

INTERNATIONAL STATE BANK, by Smith, Sup't of Banks,
Appellants, v. MERSHON-WELSH COMPANY, Respondent.

(213 N. W. 723.)

(File Nos. 6176, 6233.   Opinion filed May 5, 1927.)

1.   **Banks and Banking—Letter Signed by Examiner in Charge of
     Insolvent Bank Stating that Claim Was Rejected Held Suffi-
     cient Notice to Start Running of Three Months' Limitation
     (Rev. Code 1919, §§ 8929, 8933, 10656).**

     Under Rev. Code 1919, §§ 8929, 10656, letter signed by ex-
     aminer in charge of insolvent bank in hands of banking depart-
     ment, stating that plaintiff's claim was rejected, held sufficient
     notice of rejection of claim by superintendent of banks to set
     running the three months' limitation under section 8933, as
     against contention that notice was insufficient because it failed
     to state claim was rejected by superintendent, and did not pur-
     port to be signed by superintendent or any one signing on his
     behalf, law itself giving notice that examiner in charge is su-
     perintendent's assistant, and objection going merely to form of
     notice.

2.   **Evidence—Examiner in Charge of Insolvent Bank Is Presumed
     to Have Performed Duty According to Law in Giving Notice of
     Rejection of Claim (Rev. Code 1919, §§ 8929, 8933).**

     Presumption is that examiner in charge of insolvent bank
     in giving notice of rejection of claim by superintendent of banks
     performed his duty according to law, in view of Rev. Code
     1919, §§ 8929, 8933.

     Burch, J., and Campbell, P. J., dissenting.

---

Note. — See, Headnote **(1)**, American Key-Numbered Digest,
Banks and banking, Key-No. 63½, 7 C. J. Sec. 523 (Anno.); **(2)** Evi-
dence, Key-No. 83(1), 22 C. J. Sec. 69.

On presumption of regularity in official acts, see Jones Commen-
taries on Evidence, Vol. 1, pg. 301.

Appeals from Circuit Court, Minnehaha County; Hon. John
T. Medin, Judge.

Action by the Mershon-Welsh Company against Fred R.
Smith, Superintendent of Banks of the State of South Dakota,
and the International State Bank.   Judgment for plaintiff, and
both parties appeal.   Reversed and remanded, with directions.

*Cherry, Davenport & Braithwaite,* of Sioux Falls, for Mershon-Welsh Co.

*Bielski & Elliott,* of Sioux Falls, and *Roy E. Willy,* of Platte, for Smith, Superintendent of Banks, and International State Bank.

MORIARTY, C.   This action was brought by the plaintiff corporation to recover the sum of $2,312.96 and interest, which it alleges is due to it upon a written contract.   The contract was made by an assignor of the plaintiff with the International State Bank of Sioux Falls.   The bank went into the hands of the banking department shortly after the execution of the contract, and the plaintiff seeks to recover the amount of its claim from the assets of the bank.

The answer of the defendants denies that there is any liability on the contract, and also sets up the further defense that the plaintiff's right of action is barred by the fact that the action was not begun within three months after it received notice of the rejection of its claim by the superintendent of banks.

The case was tried to the court without a jury.   The court made findings and conclusions to the effect that the suit was begun before the right of action was barred, and that the sum of $219.96 was due to the plaintiff upon the contract.   From a judgment in accordance with these findings and conclusions and from an order denying a new trial, the plaintiff appeals, on the ground that the evidence entitled it to judgment for the full amount of its claim.

The defendants have taken a cross-appeal, contending that the trial court erred in holding that the action was not barred, and in giving the plaintiff judgment in any amount.

[1]   As to this defense of the right of action being barred, the facts are as follows:

The plaintiff duly presented its claim to the superintendent of banks, and the superintendent rejected the claim.   On September 12, 1924, the plaintiff received a letter written on stationery bearing the printed words, "International State Bank, Sioux Falls, S. D.   Suspended January 19, 1924"—which letter was in words and figures as follows:

"Mershon Advertising Co., 200 East Erie St., Chicago, Ill.— Gentlemen:   This is to advise you that your claim against the

International State Bank in the amount of $2,312.96, which was filed on or about June 28, last, has been rejected. Yours very truly, J. E. Witten, Examiner in Charge."

It is admitted that the superintendent of banks rejected the claim, and the record before us is silent as to whether or not the superintendent instructed Witten to give notice of such rejection. It is also admitted that J. E. Witten had been duly appointed as an examiner to tke charge of the International State Bank and had filed a copy of his certificate of appointment in the office of the clerk of courts of the county in which the said bank was situated.

Section 8929, Revised Code of 1919, provides that the superintendent of banks may appoint one or more examiners in charge to assist him in the duty of liquidation and distribution, and that he may from time to time authorize any examiner to perform such duties connected with such liquidation and distribution as he may deem proper.

Section 8933, R. C., provides for the presentation of claims to the superintendent, and further provides:

"If the superintendent of banks doubts the justice * * * of any claim, he may reject the same and serve notice of such rejection upon the claimant, either by mail or personally. * * * An action upon a claim so rejected must be brought within three months after such service."

It is admitted that this action was not brought within three months after the above-mentioned letter was received by the plaintiff. But the plaintiff contends that said letter was not in form sufficient to constitute the notice provided for by the statute, in that the notice does not state that the claim had been repected by the superintendent of banks, nor does the signature of the letter purport to be that of the superintendent or any one signing on his behalf.

This objection goes to the form of the notice only. It is conceded that the superintendent may delegate to his assistants the ministerial duty of preparing such notices and of signing and mailing them. But it is contended that there is nothing in this letter to inform the claimant that its claim had been rejected by the superintendent, or that the letter was sent to give the notice required to be given by the superintendent.

The statute has provided a short statute of limitations in these

matters, and the necessity for such provision is apparent. Without a statute of this kind the liquidation and distribution of the assets of defunct banks would be so impeded as to be impractical. This statute must be construed with a view to effect its object. Section 10656, R. C.

[2] The law makes examiners in charge assistants of the superintendent of banks. The statute which requires the filing of a copy of the examiner's certificate of appointment gives the public constructive notice of the authority of the examiner in charge of any particular bank. The law itself gives notice that the examiner is acting as an assistant of the superintendent. When one authorized to act in such capacity signs a statement that a certain claim has been rejected, such statement must be held to mean that it has been rejected according to law. And it must be presumed that the examiner in charge is performing his duty according to law in giving the notice. All public officers are presumed to have performed their duty. Fullerton Lumber Co. v. Tinker, 22 S. D. 427, 118 N. W. 700, 18 Ann. Cas. 11; State v. Blegen, 26 S. D. 106, 128 N. W. 488; Ege v. Williams, 38 S. D. 50, 159 N. W. 898; Reed v. Todd, 40 S. D. 27, 166 N. W. 167.

"Where an act is done by a public functionary in the discharge of official duty, which can be done only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act." Pine Tree Lumber Co. v. City of Fargo, 12 N. D. 360, 96 N. W. 357; McCamey v. Wright, 95 Ark. 477, 132 S. W. 223; Slaughter v. Cooper, 56 Tex. Civ. App. 169, 121 S. W. 173; 22 C. J. § 69.

Since there is a legal presumption that J. E. Witten, acting as examiner in charge, and signing as such, acted regularly and within his authority, the plaintiff was bound to take notice that the letter received by it meant that its claim had been rejected in conformity to law, and that Witten's acts in signing and mailing the letter were duly authorized. The letter was notice sufficient to set running the three months' statute of limitations, and the learned trial court erred in holding that plaintiff's right of action was not barred.

The judgment and order appealed from are reversed and the case is remanded, with directions that the trial court enter judgment for the defendants upon their cross-appeal.

GATES, POLLEY, and SHERWOOD, JJ., concur.

BURCH, J. (dissenting). I am unable to agree with the majority of the court in the disposition of this appeal. I believe the majority opinion is wrong and establishes a dangerous precedent in holding the notice of rejection of plaintiff's claim sufficient to bar plaintiff's right of action. It is said the objection to the notice "goes to the form only." It is not only objectionable in form, but it is devoid of substance.

Section 8933, R. C. 1919, provides certain formalities in the allowance and rejection of claims against insolvent banks. The first step is the giving of notice by the superintendent of banks to creditors, fixing a time and place for filing claims. This was done and the place fixed for filing claims was at the office of the superintendent at Pierre. Plaintiff complied with such notice and filed its claim with the superintendent at his office in Pierre. The superintendent's duty is then defined as follows:

"If the superintendent of banks doubts the justice and validity of any claim, he may reject the same and serve notice of such rejection upon the claimant, either by mail or personally. An affidavit of the service of such notice, * * * shall be filed with the clerk of the circuit court of the county in which such bank * * * is located. An action upon a claim so rejected must be brought within three months after such service." Section 8933.

The only notice of rejection of plaintiff's claim was the letter quoted in the majority opinion. In form it does not purport to be a notice of any kind. It purports to be a letter, written on the letter head of a bank, in the usual language of a letter, and signed by an officer having charge of the bank. In substance it is no better. It does not contain a statement that the superintendent of banks has acted on the claim, or that he has rejected it, or that there were any jurisdictional facts existing authorizing him to act, nor is there any allusion to the intended effect of the notice upon the rights of claimant. The one single fact advised is that the claim "has been rejected." It comes from one with no apparent authority to act in the matter, without a word as to who rejected the claim, or why, or the purpose or authority of the author. It is as devoid of substance as it is possible to make it without wholly destroying its identity as a notice.

The provision that "an action upon a claim so rejected must be brought within three months after such service" is in substance a statute of limitations—a special statute restrictive and short as to time—and it should not be extended by construction to cases not within its language. Helbig v. Citizens', etc., Co., 234 Ill. 251, 84 N. E. 897; St. Louis, etc., Co. v. Batesville, etc., Co., 86 Ark. 300, 110 S. W. 1047. See, also, Wilson v. Trenton, 53 N. J. Law, 645, 23 A. 278, 16 L. R. A. 200. The time limit begins when notice of rejection is served, not when the claim is rejected, nor when claimant has knowledge of the rejection. The majority opinion says "it is contended that there is nothing in this letter to inform the claimant that its claim had been rejected by the superintendent or that the letter was sent to give the notice required." It might be conceded that the letter received by claimant from a man in Sioux Falls signing himself examiner in charge might convey actual knowledge to the claimant that a claim filed by him with the superintendent of banks at Pierre had been rejected, and if his knowledge of such fact was in any wise material doubtless such a letter would put him on inquiry. But his knowledge is not material. The statute contemplates that the superintendent of banks shall act on the claim, and if the superintendent of banks rejects the claim, then the superintendent of banks shall serve a formal written notice of such rejection, and shall make such service in the manner specified in the statute. Such service is the only thing that starts the three-month period, regardless of knowledge on the part of claimant. I do not believe that it can seriously be contended that the letter in this case is in fact service of formal notice by the superintendent of banks of action by such superintendent.

"No conception can be formed of a legal notice which does not disclose on its face that it emanates from some person * * * claiming to have the power to act in the manner indicated by- the notice." Niles v. Ransford, 1 Mich. 338, 51 Am. Dec. 95.

See, also, 20 R. C. L. 343.

That portion of the majority opinion referring to the presumptions concerning the acts of officers is inapplicable to the situation. If the officer is presumed to have done his duty, that presumption is overcome when his acts affirmatively appear and show that he did not do so. This case in effect holds that the presump-

tion of the regularity of official acts may be used to construe the meaning of a notice, and that a notice may be construed to mean and contain more than it does, because it was the duty of the officer giving it to give a notice meaning and containing more. I think the meaning of the notice must be determined by its context. But I do not think an examiner in charge is in any proper sense an officer. His position is that of an employee of the banking department. He has no tenure of office, his compensation is fixed by contract between himself and the superintendent (as counsel and other employees are fixed), and his duties are to obey the orders of the superintendent as other employees. He cannot act in his own name as superintendent of banks nor perform the duties of that office in his own right. His authority is no more than that of a mere agent, assistant or employee. The superintendent of banks is in control of an insolvent bank to administer it as a sort of statutory receiver under authority of the circuit court of the bank's domicile. Hanson v. Sogn, 50 S. D. 441, 208 N. W. 229. The filing of the claim and action thereon are acts in the administration of an insolvent bank, and the notice required is in the nature of process, which must be given and served in a prescribed manner, and proof of service must be filed with the clerk of the circuit court. Under such circumstances a proper notice is jurisdictional, and until such notice is served plaintiff is not bound to act. The statute has prescribed how the period of limitation should be started running, and this court has no right to substitute for such statutory requirement any other means or method even though it might impart just as much knowledge to the claimant. See National Metal Co. v. Green, etc., Co., 11 Ariz. 108, 89 Pac. 535, 9 L. R. A. (N. S.) 1062.

While the statute, section 8933, R. C. 1919, does not prescribe the contents of the notice, it does provide that if the superintendent of banks rejects the claim, he shall give notice of "such rejection." The use of the word "such" is sufficiently restrictive to require the notice to identify the act relied on. Because the notice was insufficient in both form and substance, I think the trial court was right in holding the claim was not barred.

CAMPBELL, P. J., concurs in the views expressed by BURCH, J.