J. C. RAMSEY v. JOHN MEDLIN AND D. LANGFORD.

(Case No. 4262.)

1. TRESPASS TO TRY TITLE.— A plaintiff who, in trespass to try title, claims as a purchaser of school land, under the act of April 24, 1874 (Laws of 14th Leg., p. 142), must show a valuation of the land as required by that act to entitle him to recover. To show that there was an application for survey, and a survey made for him, that he executed his obligation to the state for a specific amount, and had paid installments on that amount to the state treasurer, is not sufficient.

APPEAL from Llano. Tried below before the Hon. W. A. Blackburn.

*James H. Burts*, for appellants.

I. The finding of the court that there was no evidence of valuation was wrong. General Laws 14th Leg., p. 142; Titus *v.* Kimbro, 8 Tex., 215. II. Proof of valuation, etc., of the land by commissioners did not devolve upon appellant on the trial. Clark *v.* Goss, 12 Tex., 398; Williams *v.* Talbot, 27 Tex., 168, 169.

[No briefs for appellee are on file.]

BONNER, ASSOCIATE JUSTICE.—This suit was instituted October 13, 1879, by appellant Ramsey, against appellees Medlin and Langford, to recover of them one hundred and sixty acres of land. Ramsey claimed title to the land by virtue of a purchase from the state of Texas, under act approved April 24, 1874 (Laws 14th Leg., 142), entitled

"An act to provide for the sale of the alternate sections of lands as surveyed by railroad companies, and set apart for the benefit of the common school fund."

Medlin and Langford, defendants below, appeared, filed demurrer to the petition, plea of not guilty, and special answers.

Under the act above quoted, parties were permitted to purchase lands on the alternate sections then surveyed, or thereafter to be surveyed, by any railroad company, and set apart by the state for common school purposes, under the following provisions substantially: The party desiring to purchase was required to make application in writing to the surveyor, describing the land. The surveyor was required to survey the same, record the field notes and make return thereof, together with the application, to the commissioner of the general land office. The land was to be valued by three commissioners, qualified electors and freeholders, appointed for the proper county by the governor; they were required to take and subscribe an oath that they were not interested in the land by settlement upon the same, or otherwise, nor related by consanguinity or affinity to the one thus settled upon the same, and that they will assess the real and true value thereof. These commissioners were to make report under oath to the surveyor, designating the price per acre as valued by them, and which report was to be sworn to by at least two of them.

So soon as this valuation was made, the applicant was to forward to the state treasurer one-tenth of the assessed value of the land, and make, execute and deliver to the surveyor an obligation in writing for the balance of the assessed value, stipulating and agreeing therein to pay to the state of Texas ten per centum interest on said amount, together with one-tenth the principal, the same to be due and payable on the 1st day of March of each and every year; which obligation was to be forwarded by

the surveyor to the commissioner of the general land office, to be recorded in his office and then delivered to the state treasurer.

The failure to make payment of such annual installments and interest was a forfeiture of all the right and interest of the purchaser in the land.

The testimony showed that at the date of appellant Ramsey's application, the land was public school land, such as was embraced within the above act; that his application and survey was made February 10, 1879; that on April 9, 1879, he executed and delivered his obligation to the state of Texas for the sum of $216; that he had paid into the treasurer's office of the state, September 3, 1879, the sum of $24, the first payment, and on March 22, 1880, the sum of $42, the second payment then due.

There is no evidence in the record that any valuation had been made of the land as required by the statute, except the presumption arising from the above facts, and no reason is shown why such testimony was not offered, either on the trial or on the motion for a new trial.

Upon the case as thus made the court found against the plaintiff Ramsey, upon the ground that no valuation was proven, from which judgment this appeal is taken.

The sole question presented for our consideration is this: Did it devolve upon the plaintiff to prove that such valuation was made, to entitle him to recover?

This valuation was an essential prerequisite to Ramsey's right to recover. It was the basis of the true amount of the obligation to be entered into and the payments to be made by him. That this valuation should not only be made, but should be fairly made, was evidently the intention of the legislature, from the particularity with which the commissioners were required to be appointed and qualified; and a want of it might work great injustice to the state. Although, under some circumstances, a presumption that it had been made might

be indulged from the acceptance by the state treasurer of the obligation and certain of the payments, yet we think that under the circumstances of this case, as the rights of the plaintiff depended upon a compliance with the substantial requisites of the statute, and as the burden of this proof was upon him, the failure to show this should defeat his right of recovery. That the proof should have been made, we do not doubt, and Ramsey ought not to have rested his case on a mere presumption, when the testimony upon this point was as easily made as that upon other points, in regard to which he had testimony from the commissioner of the general land office and the state treasurer, besides that of the surveyor himself.

This testimony was not wholly inconsistent with the assumption that a valuation was not in fact made. In our opinion there was no error in the judgment below and the same is therefore affirmed.

AFFIRMED.

[Opinion delivered May 19, 1881.]