DOMINGO CORRIGAN v. CHAS. D. FITZSIMMONS.

No. 1328.   Decided May 23, 1904.

**1.—School Land—Purchaser—Appraisement and Classification—Burden of Proof—Presumption.**

Though one claiming rights as an applicant to purchase school land from the State must show that it had been classified, appraised and placed on the market, the presumption in favor of the regularity of acts of public officers will supply such proof, where his application, once accepted by the Commissioner, had been canceled by him on reinstating the purchase of a previous applicant, which he had formerly canceled because such previous applicant was not an actual settler on the tract claimed as his home section—the proof here showing such lack of settlement and that the cancellation of the first purchase was proper and its reinstatement over the subsequent one unlawful. (Pp. 596-598.)

**2.—Same—Case Distinguished.**

Ramsey v. Medlin, 55 Texas, 248, distinguished from this case.   (P. 598.)

Error to the Court of Civil Appeals for the First District, in an appeal from Nueces County.

Corrigan sued Fitzsimmons for the recovery of land.   The court directed a verdict for defendant, and the judgment was affirmed on appeal by plaintiff, who then obtained writ of error.

*J. C. Scott* and *S. H. Woods,* for plaintiff in error.—The court erred in instructing the jury, at the conclusion of the evidence introduced by plaintiff, that the plaintiff had "failed to make the proofs required by law to entitle him to recover herein," and directing the jury to find a veridct in favor of defendant; such charge of the court being error because it had been shown by the evidence offered by plaintiff that he had acquired the land sued for by a good and valid purchase from the State of Texas, and thereafter such purchase had been wrongfully canceled by the Land Commissioner and a prior unlawful sale thereof to defendant had been reinstated by said Commissioner; and also that defendant had wrongfully ejected plaintiff from the land, as charged in the petition.

The court erred in rendering judgment against plaintiff herein, because the verdict and judgment are not supported by the evidence, and same are contrary to the law and the evidence, because it was shown on the trial by the evidence offered by plaintiff that plaintiff, in the manner and form required by law, made application to the Commissioner of the General Land Office to purchase the lands herein sued for, and said application was granted and the land sold to plaintiff; and at the time of making said application said lands were vacant public school lands and plaintiff was an actual settler thereon at and before the time of making said application, and for a long time thereafter, till he was wrongfully dispossessed by defendant.   And it was also shown that prior to the time when plaintiff made his application to purchase, defendant had made application to purchase section 128 as a home

section, and the two sections herein sued for as additional sections. But at the time defendant made said application, and for more than six months thereafter, he was not an actual settler on section 128 or either of said additional sections; yet the Land Commissioner unlawfully granted his said application and sold said sections to him; but afterwards canceled said sale and sold the lands herein sued for, which the defendant had applied for as additional sections, to the plaintiff, as aforesaid. But thereafter the Land Commission unlawfully canceled the sale to plaintiff and reinstated said unlawful sale to the defendant. And it was shown on the trial that defendant had wrongfully ejected plaintiff from the possession of said lands, as charged in the petition.

Fitzsimmons acquired no right to the land by virtue of his application to purchase same, because at the time of making said application he was not an actual settler on the home section 128. Baker v. Millman, 77 Texas, 47; Busk v. Lowrie, 86 Texas, 132; Waggoner v. Daniels, 18 Texas Civ. App., 236; Jordan v. Payne, 18 Texas Civ. App., 383.

*D. McNeill Turner,* for defendant in error.—Appellant having failed to show any fact authorizing a recovery of the land involved, except the bare fact of the filing of his application in the Land Office, there was no error in the charge of the court, and no impropriety in the verdict or judgment.

GAINES, Chief Justice.—This was an action of trespass to try title brought by plaintiff in error against defendant in error to recover two sections of school land, designated as No. 74 and No. 78, respectively. The trial judge instructed a verdict for the defendant. A verdict and judgment followed in accordance with the instruction, and on appeal the judgment was affirmed by the Court of Civil Appeals.

Both parties claim title as purchasers from the State. Divested of extraneous matters the facts disclosed by the evidence are as follows: On April 16, 1898, the defendant in error applied to purchase four sections of school land including the two in controversy, filed in the Land Office his applications, and in all respects complied with the statutory requirements for the purchase of such lands. He applied to purchase section 128 as a home section and sections 74, 78 and another as "additional lands." Evidence having been submitted to the Commissioner that he was not an actual settler upon section 128, on July 9, 1898, the sale was canceled upon that ground. On October 13, 1898, the plaintiff in error went into possession of the lands under one claiming to be a purchaser from the State; but as far as appears he abandoned his right under that claim, and on September 5, 1899, applied to purchase the two sections in controversy and complied fully with the provisions of the statute with respect thereto. He remained in possession of these lands from the time of his original entry until he was dispossessed by defendant in error by a suit of forcible entry and unlawful detainer. His application to purchase was at first accepted, but subse-

quent thereto the Commissioner reinstated the purchase of defendant in error and canceled the award made to him.

Upon the trial the plaintiff adduced testimony tending to show that the defendant was not an actual settler upon section 128,—his home section as claimed by him. If so, his attempted purchase was of no effect and the plaintiff was entitled to recover—provided he proved that the lands had been classified and valued and placed upon the market, and that he made application and complied with all the provisions of the statute required of one who undertakes to procure title to the school lands of the State. In instructing a verdict for the defendant the trial judge stated that the plaintiff had "failed to make proof required by law to enable him to recover," without saying in what particular the proof was deficient. Presumably he was of the opinion that it was incumbent upon the plaintiff to prove directly that the lands had been classified, appraised and placed upon the market. At all events, it was upon the ground that proof of the appraisement was not made that the Court of Civil Appeals sustained the judgment.

It is true that there was no difficulty in proving by the Commissioner of the General Land Office, whose depositions were taken in the case, that the lands had been classified and appraised and put upon the market for sale, if such indeed were the facts, and it is also true no direct proof of these facts was made. But we can not accede to the proposition that such proof was necessary under the facts of this case. It was shown that the defendant made application to purchase the sections in controversy and that his application was accepted; that his purchase was forfeited for nonoccupancy; that plaintiff's applications were also accepted, and the lands awarded to him. Copies of all these applications appear in extenso in the statement of facts. Now it is an elementary and a familiar rule that the acts of officers done within the limits of their authority are presumed to be regular. The scope of the rule is thus stated by Chief Justice Hemphill in Perry v. Houston, 3 Texas, 395: "The acts of an officer having competent authority may be presumed to be in conformity with law, and as affording proof of the facts upon which such action was founded." So in Titus v. Kimbro, 8 Texas, 209, Judge Lipscomb states the rule as follows: "The principle is believed to be a sound one, that where a State officer does an act which would be a violation of his duty unless certain terms or conditions had been first performed by an individual, such performance shall be deemed prima facie, between the individual and the State, to have taken place." Before the Commissioner of the General Land Office accepted either the application of the plaintiff or that of the defendant to purchase the lands in controversy it was his duty to see that they had been properly classified and appraised; therefore the fact that he awarded the lands under the application is evidence of the existence of the facts necessary to give him authority to sell.

We have examined the cases relied upon to show that direct proof of the appraisement is required, and we have found none decided in this

court which support the proposition. That most nearly in point is Ramsey v. Medlin, 55 Texas, 248. That case involved the validity of a purchase under the Act of April 24, 1874. That act required that a person desiring to purchase should make a written application to the surveyor and that he should give a description of the land he desired to purchase. It then became the duty of the surveyor to make the survey and to return the field notes and application to the General Land Office. The land was to be valued by three commissioners appointed by the Governor for the county. The applicant was then required to forward to the Treasurer of the State one-tenth of the value so assessed and to execute his obligation for the balance, which obligation was to be forwarded to the Commissioner of the General Land Office to be recorded and then delivered to the Treasurer. The only evidence adduced in that case tending to show that the valuation had been made was the fact that the intended purchaser had paid the 10 per cent to the State Treasurer and one subsequent installment and that the obligation had been deposited with that officer. It was held that these facts were not sufficient to raise a presumption that the appraisement had been made. The Treasurer was not concerned with the appraisement and no record of it was required to be filed in his office. His duty was merely to receive the money tendered and to keep the obligation on deposit. On the other hand, under the present law, it is the duty of the Commissioner of the General Land Office to cause the lands to be classified and appraised, and to notify the clerk of the county court of the county in which they are situate and thus put them upon the market. It is also his duty to know that this has been done before he awards a sale. Therefore the presumption arising from his act in making a sale is very different from that which arose from the act of the Treasurer in receiving the money and obligation under the Act of 1874. The cases seem to us to be clearly distinguishable; but if not, we should not be inclined to follow Ramsey v. Medlin.

None of the cases from the Court of Civil Appeals cited in support of the doctrine that direct proof of the appraisement was necessary reached this court except that of Thompson v. Gallagher, 7 Texas Ct. Rep., 770. In that case application was made to this court for a writ of error and was refused, for the reason, however, that the question was not presented by any assignment in the petition for the writ of error.

We conclude that the trial court erred in instructing a verdict, and therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*