OTTO STOLLEY v. WILLIAM LILWALL.

Decided January 21, 1905.

**School Land—Proof of Purchase—Classification and Appraisement—Presumption.**

Where, in trespass to try title, brought to recover a tract of school land bought from the State, plaintiff showed his application to purchase the land, the Commissioner's award of it to him, the State Treasurer's receipt for all payments of principal and interest due thereon, and the Commissioner's certificate of proof of occupancy, it was immaterial that he did not also make proof of the classification and appraisement of the land. Since the Commissioner had no authority to award the land until it was classified and appraised, it will be presumed in favor of the regularity of his official acts that this had been done.

Appeal from the District Court of Hall. Tried below before Hon. J. M. Morgan.

*Gardner & Ruggles,* for appellant.

*Hunter & Flood, R. P. Smith* and *Wilson & Kinder,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a contest between appellant as plaintiff below and appellee over school section No. 40, block A 1, Hale County, Texas. The following is the evidence introduced by plaintiff. 1. Application of Otto Stolley to purchase his home section No. 54, block A 1, school land; dated September 28, 1898, and filed in Land Office October 1, 1898, with its file marks and endorsements in regular form; applied for as dry grazing land at $1 per acre. 2. Certificate No. 226, K. L. & R. Ry. Co., issued December 6, 1876, for 640 acres of land, by virtue of which said section 54, A 1, was located. 3. Survey and field notes of said section 54, A 1, and its alternate 53, A 1, dated December 3, 1877. 4. Land Commissioner's notice to State Treasurer of award to Stolley of section 54, November 22, 1898, on said application of September 28, 1898. 5. Treasurer's receipt to Stolley for full payment of all amounts of purchase money and interest for said section. 6. Postal card notice of award by Land Commissioner to Otto Stolley, dated November 11, 1898, and signed by A. J. Baker, Commissioner, as per said application of September 28, 1898. 7. Original certificate of

required and sufficient proof of occupancy by Otto Stolley of said section 54, A 1, dated November 9, 1901, signed by Charles Rogan, Commissioner of the General Land Office, with seal of said office. Plaintiff offered his application to purchase and other papers to establish his title to section 40, block A 1, dated May 20, 1901, the section in controversy, as additional land, it being admitted that it was within the five miles radius of his home section 54, A 1, and defendant objected because plaintiff had failed to establish classification and valuation, and his title to his said home section 54, A 1, and the objection being sustained, plaintiff excepted. The court instructed the jury to return a verdict in favor of the defendant, which was done, and the plaintiff has appealed.

The court erred in excluding the evidence offered by appellant upon the objections urged. When the appellant proved that his home section 54 had been awarded to him by the State Land Commissioner, it amounted to prima facie evidence that all the requirements of the law prerequisite to a valid sale, including classification and appraisement of the land, had been met. Corrigan v. Fitzsimmons, 97 Texas, 595, 10 Texas Ct. Rep., 247. In the case cited Mr. Chief Justice Gaines uses this language: "Before the Commissioner of the General Land Office accepted either the application of the plaintiff or that of the defendant to purchase the lands in controversy, it was his duty to see that they had been properly classified and appraised; therefore the fact that he awarded the lands under the application is evidence of the existence of the facts necessary to give him authority to sell." This court has heretofore applied the principle announced in that case, of the presumption of the regularity of the acts of the State Land Commissioner, in numerous cases, though not in the precise particular as in the Corrigan-Fitzsimmons case, and here under consideration. (Binion v. Harris, 32 Texas Civ. App., 371, 7 Texas Ct. Rep., 712; Landers v. Bolivar, 7 Texas Ct. Rep., 412; Reeves v. Smith, 58 S. W. Rep., 185.) Proof of the award of the home section, to say nothing of the certificate of occupancy, amounting, then, as it does, to evidence of classification and appraisement, it was, of course, error for the court to exclude the other testimony upon the ground that classification and appraisement of the home section had not been proved. It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial.

The appellant offered other evidence for the purpose of showing directly that the land had been classified and appraised and was on the market at $1 per acre at the time he applied to purchase. This was excluded upon the objection of appellee, but we find it unnecessary to pass upon the questions presented by this ruling, inasmuch as the appellant will probably not offer it upon another trial, seeing that his case is made without such evidence; and if it is improper testimony the appellee will hardly offer it.

It is not improper here to say that the case of Corrigan v. Fitzsimmons, supra, was decided by our Supreme Court since the trial of this case in the District Court.

Reversed and remanded.

*Reversed and remanded.*