### STOKER et al. v. STOKER et al.
### (No. 10395.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 27, 1923.)

**1. Public lands ⟾173(3)—Laws held offer to sell school lands on terms specified.**

Laws 1879, c. 28, as amended by Laws 1881, c. 105, relating to the sale of public free school lands, constituted an offer on the part of the state to sell the lands on the terms therein specified.

**2. Public lands ⟾173(3) — Application and treasurer's certificate held prima facie evidence of ownership.**

Application to purchase school land under Laws 1879, c. 28, as amended by Laws 1881, c. 105, with indorsement thereon showing it to have been recorded by the county surveyor, and to have been filed in the general land office, and certificate issued to applicant by the state treasurer, showing payment of a first installment of the purchase price, *held* to establish in applicant, prima facie at least, a vested right in the land entitling him thereto as against all persons not showing a better right to the land.

**3. Evidence ⟾83(1)—Facts authorizing action by public officer presumed.**

Where a public officer has acted within the scope of his power, the existence of facts necessary to authorize his action will be presumed, in the absence of proof to the contrary.

**4. Public lands ⟾173(4)—School land presumed appraised before sale.**

Where application was made to purchase school land under Laws 1879, c. 28, as amended by Laws 1881, c. 105, and the application was indorsed showing it to have been recorded by the county surveyor and to have been filed in the general land office, and a certificate issued to applicant by the state treasurer, reciting payment of a certain amount toward the purchase of such land, it will be presumed that the land was appraised before sale thereof to the applicant as required by such statute, in view of provisions requiring payment of a certain part of the appraised value on the filing of the application.

Error from District Court, Stephens County; W. R. Ely, Judge.

Suit by E. T. Stoker and others against C. T. Stoker and others. Judgment for de-

fendants, and plaintiffs brings error. Reversed and remanded.

Benson & Dean and Wm. J. Berne, all of Fort Worth, for plaintiffs in error.

T. Edgar Johnson and Chas. H. Clark, both of Breckenridge, for defendants in error.

CONNER, C. J. So far as necessary to an understanding of our conclusion it will be sufficient to say that E. T. Stoker, a son of Allen and Nancy Stoker, deceased, joined by others, sued C. T. Stoker, also a son of Allen and Nancy Stoker, and others to recover the southwest one-fourth of survey 18, block 8, public free school lands in Stephens county, Tex. Allen Stoker and wife, Nancy, are the common ancestors of all the parties to the suit. Allen Stoker died in 1886, and Nancy Stoker died in 1914, both intestate. As evidence of title, the plaintiffs, appellants here, offered the application of Allen Stoker, dated February 22, 1882, to purchase the land as school land under Act 1879, c. 28, as amended in 1881, c. 105. The indorsements on the application show it to have been recorded by the county surveyor on February 22, 1882, and filed in the general land office May 17, 1882. A certificate was issued to Allen Stoker by the state treasurer, May 17, 1882, for $8, reciting:

"That the same being first payment on the southwest one-fourth, section No. 18, of the state school lands in Stephens county, under an act to provide for the sale of the alternative sections of lands set apart for the benefit of the common school fund, approved April 6th, 1881."

The receipt was duly signed by the state treasurer, F. R. Lubbock, and had indorsed thereon: "1–5/18/22. O. K. B."

It was admitted that Allen and Nancy Stoker resided and made their home, until death, on the southeast one-fourth of survey No. 18, block 8, which was patented to Allen Stoker on November 15, 1880.

Upon the introduction of the evidence stated, the plaintiffs rested, and upon the application of the defendants the court peremptorily instructed the jury to find for the defendants. The verdict was so returned, and judgment in favor of the defendants rendered accordingly, from which judgment the plaintiffs E. T. Stoker and others have duly prosecuted an appeal to this court.

[1, 2] We agree with appellants' contention that, if Allen Stoker at his death owned the land in question, it follows that appellants were entitled to an undivided nine-tenths interest in the land. It is undisputed that Allen Stoker's application to purchase and its record by the surveyor of Stephens county was in compliance with the laws of 1879 and 1881, relating to the sale of public free school lands of Texas at the date of the application. The certificate of the treasurer likewise con-

---

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

forms to the laws referred to, both of which, in accordance with the regulations of those laws, were duly filed in the general land office. The laws mentioned amounted to an offer on the part of the state to sell the public free school lands upon the terms therein specified, and the acceptance of such offer by Allen Stoker, as manifested by his acts above detailed, established in him, prima facie at least, a vested right, which would have authorized him as against all persons not showing a better right to have sued for and recovered possession of the land. See Perez v. Canales, 69 Tex. 674, 7 S. W. 507. It was said in that case:

"It seems to have been the intention of the Legislature to give to the application to purchase and the payment of one-twentieth of the appraised value, the effect of securing, the land to the purchaser, subject to forfeiture only upon failure to pay interest annually, and upon failure to pay the principal within 20 years."

The presumptions arising from the indorsements tend to show that Allen Stoker's purchase was accepted and recognized by the state treasurer and the commissioner of the general land office. His title, therefore, presumably remained in Allen Stoker, until his purchase was declared forfeited under the terms of those laws for the want of payment of principal or interest, and no evidence was before the court or jury that any default in the payment of principal or interest was ever made by Allen or Nancy Stoker.

[3,4] The most serious contention in behalf of appellee appears to be that, inasmuch as the same land laws of 1879, as amended in 1881, prohibited the sale of public free school lands prior to formal appraisement of their value as pointed out in those several acts, the failure of the evidence in the instance before us to show such appraisement is fatal to the plaintiffs' recovery. But as to this we agree with appellants' contention. to the effect that, where a public officer has acted within the scope of his power, in the absence of proof to the contrary, the existence of facts necessary to authorize his action will be presumed. And we think due appraisement in this case, in the absence of proof to the contrary, must be presumed from the fact that the surveyor of Stephens county accepted and duly recorded Allen Stoker's application, which, in the absence of appraisement, he was forbidden to do, and that the state treasurer and commissioner of the general land office likewise received and recognized such application and payment. The treasurer recited in his receipt, and the commissioner seems likewise to have made such statement, that the sum of $8 was the first payment on the purchase under the law then regulating the acts of these officers. A purchaser was required to pay one-twentieth of the appraised value of the land upon the filing of his application. It is easily deducible, therefore, that the land in question had been duly appraised at $1 per acre prior to Allen Stoker's application. See Corrigan v. Fitzsimmons, 97 Tex. 595, 80 S. W. 989; Dooley v. Maywald, 18 Tex. Civ. App. 386, 45 S. W. 221; Smithers v. Lowrance, 100 Tex. 77, 93 S. W. 1064; Gulf, etc., Co. v. State (Tex. Civ. App.) 231 S. W. 134, writ of error refused. To this it may be added that the previous unquestioned sale of the southeast quarter of the same section of school land suggests a previous appraisement of the entire section.

On the whole, we conclude that the plaintiffs showed at least a prima facie right to recover, and that the judgment below should be reversed, and the cause remanded.

BUCK, J., absent and not sitting.