## NATIONAL PROTECTIVE LEGION v. STEVENS et ux. (No. 7074.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1924. Rehearing Denied Feb. 13, 1924.)

1. Insurance ⬅579—Receipt given in settlement of insurance policy held without consideration.

A paper reciting that beneficiaries in two policies of life insurance accepted the amount of money therein in full settlement of all claims against insurer on both policies *held* to be without consideration.

2. Insurance ⬅670—Finding of trial judge held equivalent to a finding of no consideration for release of insurer from liability on policy.

In an action on an insurance policy, a finding of the trial judge that neither the plaintiffs nor the beneficiary named in the policy ever received any of the sums which they were entitled to under the policy was equivalent to a finding that there was no consideration for the execution of a receipt which released the insurer from all liability on the policy.

3. Evidence ⬅83(5)—Certificate of notary presumed to be correct.

Where the proof of loss of an insurance policy made by beneficiary was dated six months after her father swore such beneficiary had died, but a notary public certified that she appeared before him and swore to the proof, the certificate of the officer, being presumed to be correct, will prevail.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by P. L. Stevens and wife against the National Protective Legion. Judgment for plaintiffs, and defendant appeals. Affirmed.

Birkhead & Lang and Carter J. Lynch, all of San Antonio, for appellant.

T. D. Cobbs, Jr., and J. L. Farb, both of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by appellees to recover from appellant the sum of $1,000, based on a policy of insurance in that sum, on the life of Barbara Lozano, who died on January 25, 1920, her niece, Barbara Stevens, a daughter of appellees, being the beneficiary. It was alleged that Barbara Stevens died on January 20, 1921, leaving appellees as her only heirs. They claim through her. Judgment was rendered in favor of appellees for the amount sought to be recovered.

[1] The evidence showed that there were

two policies issued by appellant on the life of Barbara Lozano, one for $2,000, in which appellees were named as beneficiaries, the other for $1,000, in which Barbara Stevens was designated as beneficiary. Barbara Lozano having died on January 25, 1920, appellant paid to appellees, beneficiaries in the larger policy, the sum of $2,000. At the time payment was made the following receipt was taken by Mrs. Brown, agent of appellant:

"Received of Mrs. F. Brown, secretary, check number 2006, for two thousand ($2,000.00) in full settlement of all claims against the National Protective Legion of Waverly, N. Y., on all policies issued to ——, and in which I was named beneficiary."

For some reason, not explained, not only the names of the beneficiaries in the $2,000 policy, but also the name of Barbara Stevens, the beneficiary in the $1,000 policy, were signed to that receipt.

The defense offered to the claim of the $1,000 policy was that the $2,000 was given in full payment of both policies, and, unexplained, the fact that the name of Barbara Stevens, who had no interest in the $2,000 policy, appeared to the receipt might lend aid to the theory of the defense. P. L. Stevens testified that he placed both policies in the hands of the agent before the receipt was signed, and swore that the payment of $2,000 was not a full settlement of the claim of Barbara Stevens, as well as that of appellees. He testified that the agent of appellant told him that the $1,000 would be paid later. His testimony, as well as that of the agent, tends to show that there was no settlement of the $1,000. The agent swore that the $1,000 policy was not mentioned, and that she did not know why the company took the receipt in full of all policies.

Appellant does not claim that the $1,000 was ever paid, and if it did the evidence fails to sustain it. Barbara Stevens got nothing on her policy, and it is not claimed that there was any compromise, or that it was agreed that payment of the $2,000 paid both policies. The agent entered on the proof of loss, sworn to by Barbara Stevens:

"This policy was lost and found later and brought to me for adjustment. Policy 60053 Class A was paid by National Protective Legion for the sum of $2,000.00, on the same life."

This indicated that at that time it was not claimed that the $1,000 policy had been paid.

[2] Clearly, there was no consideration whatever for the receipt covering both policies; but appellant claims that the trial judge did not in his findings of fact state that there was no consideration, and therefore that matter cannot be considered. However, the trial judge found "that neither the plaintiffs P. L. Stevens or Cecilia Stevens, nor the deceased, Barbara Stevens, ever received any of the sums of money to which they were entitled under the policy upon which this suit is based," which is equivalent to finding that there was no consideration for the execution of the receipt, so far as the $1,000 policy is concerned.

[3] The proof of loss made by Barbara Stevens is dated about six months after P. L. Stevens swore she died, but the notary public certified that she appeared before him and swore to the proof. There is, of course, confusion in the dates, but the certificate of the officer will prevail, rather than the uncertain memory of P. L. Stevens. The presumption is in favor of the correctness of the officer's certificate. Wooters v. Hall, 61 Tex. 15; Shepard v. Avery, 89 Tex. 301, 34 S. W. 440; Corrigan v. Fitzsimmons, 97 Tex. 595, 80 S. W. 989.

There being some inaccuracies of statements in the former opinion, it is withdrawn, and this opinion substituted for it. We adhere, however, to our former disposition of the case, and the motion for rehearing will be overruled, and the judgment affirmed.