## AMERICAN NAT. INS. CO. v. WALKER.
### No. 4373.

Court of Civil Appeals of Texas. Amarillo. Feb. 25, 1935.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

HALL, Chief Justice.

This suit was filed by the appellee, the widow of J. E. Walker and the beneficiary named in two policies of life insurance issued by the appellant insuring the life of her deceased husband. One policy is for the sum of $210 and the other $205.

Her action is based upon the double indemnity clauses therein contained.

The appellee alleged that said policies contained a rider or clause providing that in the event of the death of said J. E. Walker, by, through, and as the result of accidental means that the defendant would pay the beneficiary named therein double the face of the policy. She alleges that J. E. Walker was injured on the 4th day of August, 1932, in an automobile wreck near Clarksville, Tex., in which automobile they were riding; that his chest, heart, aorta, and other blood vessels of his heart and lungs were injured, which resulted in his death on the 28th day of August, 1932; that she made proofs of death and the appellant paid her the life benefits due upon said policies, amounting to the sum of $415; that she surrendered the policies to appellant at that time; that on the 27th day of July, 1933, she made demand upon the appellant for payment of $415 more which she alleges is due her under the double indemnity clause. This demand was refused. She then filed this suit to recover $415 with 6 per cent. interest, together with reasonable attorneys' fees, alleged to amount to $200 and all other costs of suit.

The appellant answered by general exception, a general denial, and specially alleged that there had been an accord and satisfaction between the parties following the death of John E. Walker; that upon receipt of satisfactory proofs of death appellant had paid appellee the sum of $415 in accordance with the proofs of death and the terms and provisions of the policy, which appellee accepted in full settlement of all sums due her under said policy; that because the appellee accepted the $415 in satisfaction of all benefits and liability without considering the double indemnity clause, she had thereby released appellant from further liability on said policies.

In response to two special issues, the jury found: (1) That the death of Walker on August 28, 1932, was caused solely by the accident in which he was injured on August 4, 1932; and (2) that $165 in money would be a reasonable attorneys' fee. Judgment was entered in accordance with the verdict.

By the first two propositions the appellant insists that the testimony was wholly insufficient to prove that Walker's death resulted from any injuries which he might have received at the time of the accident, but only raised a surmise and suspicion, the court should have directed a verdict in its favor because the testimony went no further than to show that Walker was in an accident and thereafter complained of pain in his chest and side, but failed to show that there was any visible sign of any injury to any part of his body, failed to show that he had any medical attention for any injuries he may have received, but on the other hand clearly showed that he worked at hard labor every day from the date of the alleged accident up to the date of his death.

These propositions are not sustained by the record. The statement of facts is voluminous, but, in addition to the testimony of the appellee, there is sufficient testimony from other witnesses not only to have required the court to submit the issue of the cause of his death to the jury, but, in our opinion, to sustain the jury's finding by a preponderance of the evidence.

By the third proposition it is insisted that because the plaintiff sued upon the policies alleging that they contained a rider or clause providing for double indemnity and because such clause was not introduced in evidence, the court erred in refusing to instruct a verdict in appellant's favor.

This proposition is not true to the record. The allegation is that the policies were sur-

rendered to appellant at the time the first payment was made and notice was given in plaintiff's pleading to produce the policies at the time of the trial. They were produced and the policies as a whole were introduced in evidence, as shown by the record. It was further shown that before the suit was filed, appellee's attorney wrote a letter to appellant demanding that the policies be returned for use in evidence. Moreover, one C. B. Norris, the agent of the appellant, testified that he knew at the time he paid the $415 to Mrs. Walker and the undertaker who buried her husband that the policies provided for double indemnity in the event of the accidental death of the assured; that he knew if the assured died as the result of an accident the beneficiary was entitled to twice the face of the policies, which would be $830 instead of $415. This proposition is overruled.

Upon direct examination plaintiff was asked this question: "Did he [meaning the insured] ever suffer with any heart ailment or heart trouble that you know of before this accident?" She answered the question in the negative.

The appellant objected because she was a nonmedical expert as to what the insured had suffered with prior to the time of the accident and was not qualified to state what the insured had suffered with and further that no circumstances are shown which would permit her to testify as to what he had suffered with before that time.

Before the question was answered and before the court ruled, she testified that she had lived with her husband thirty-five years and the objection was then overruled. This question was then asked: "Did you ever hear him complain of any pains or hurting in his heart or about his heart before this time?" This was answered in the negative.

No error is shown here. The rule is stated: "A witness need not be an expert in medical matters in order to be competent to express an opinion as to the physical condition of himself or of another and it is clear that in describing such condition the witness is not required to state all the evidentiary facts on which his opinion is based; his statement may partake largely of the nature of the summary of or a conclusion from such facts. These rules are applicable alike whether the testimony relates to general health or a particular disease or injury." 19 Tex. Jur. 354, § 231.

See, also, Galveston, H. & S. A. R. Co. v. Ford (Tex. Civ. App.) 275 S. W. 463, where-

in it is said that testimony by a wife that her husband was a mental and physical wreck was as much a fact as if, under other circumstances, she had sworn that he was blind or had lost an arm. See Vann v. National Life & Accident Insurance Co. (Tex. Com. App.) 24 S.W.(2d) 347.

In Stedman-Fruit Co. v. Smith (Tex. Civ. App.) 28 S.W.(2d) 622, it is said that a husband who had been living with his wife for twenty years may testify that she did not suffer from any nervous condition perceptible to him prior to the accident for which recovery is sought and that her vision prior to the accident was such that she could drive an automobile anywhere, but that since the accident she had been unable to do so.

In G. A. Duerler Mfg. Co. v. Eichhorn, 44 Tex. Civ. App. 638, 99 S. W. 715, it was held that a witness who had known the plaintiff for twelve years was properly permitted to testify that plaintiff was always in good health up to a certain date, that her health was always the same up to that time, but had not been good at all since. Western Union Telegraph Co. v. Carter (Tex. Civ. App.) 20 S. W. 834; Western Union Tel. Co. v. Hicks (Tex. Civ. App.) 47 S.W.(2d) 466.

■ The next contention to be considered is that there had been an accord and satisfaction at the time appellant paid the $415. The record shows that Norris, the appellant's superintendent and agent at Texarkana, called on appellee and filled out the blank proof of death and she testified that she did not answer some of the questions as Norris had written them. The testimony is uncontradicted that there was no dispute or controversy between the appellee and the appellant at any time with reference to the amount due. It seems that the double indemnity clause and the additional amount to which appellee was entitled under its provisions was not mentioned although Norris admitted that he was aware of the existence of that clause prior to and at the time of the settlement. The issue of estoppel, if any, growing out of the representations in the proof of death and the acceptance of the $415 in full settlement was neither pleaded nor submitted to the jury for the obvious reason that there is no testimony tending to sustain any such defense. Where there is no controversy between the insurer and the beneficiary in a life policy, as to the amount due, the policy is a liquidated demand and the payment of a less amount than is due is no consideration for a release and will not bar a recovery of the full amount due. First Texas Prudential Insurance Co. v. Connor (Tex. Civ. App.) 209 S. W. 417; Great Southern Life Insurance Co. v. Heavin (Tex. Com. App.) 39 S.W.(2d) 851; Oviett v. Warner (Tex. Com. App.) 288 S. W. 434; Business Men's Assurance Co. v. Bradley (Tex. Civ. App.) 275 S. W. 622; National Protective Legion v. Stevens (Tex. Civ. App.) 258 S. W. 487; Cox v. Bankers' Guaranty Life Co. (Tex. Civ. App.) 45 S.W.(2d) 390; National Mutual Benefit Association v. Butler (Tex. Civ. App.) 72 S.W.(2d) 659; Continental Casualty Co. v. Bradbury (Tex. Civ. App.) 259 S. W. 306; Fidelity & Casualty Insurance Co. v. Mountcastle (Tex. Civ. App.) 200 S. W. 862. This contention is overruled.

■■ The appellant next insists that the court erred in submitting special issue No. 2, inquiring as to what amount of money would be a reasonable attorneys' fee, because the issue, as submitted, authorized the jury to award attorneys' fees upon an uncertain or a contingent basis. This contention is without merit. The jury fixed the attorneys' fee at $165. Appellant does not contend that this amount is excessive. Only one witness, Mr. Otto Atchley, was introduced to prove what was a reasonable attorneys' fee. He testified that he had been a practicing attorney about eight years; that he knew what would be a reasonable cash fee if paid in money instead of on a contingent basis, for handling insurance cases. After being informed as to the amount involved and the nature of the suit, he said: "I would think $165.00 or $175.00 would be a reasonable cash fee." The jury accepted the lawyer's figure, which is sufficient to show that their answer was not based upon uncertainties or contingencies. In interpreting and construing special findings of the jury, it is proper to look to the pleadings and the evidence as a whole. Jordan v. Morgan (Tex. Civ. App.) 154 S. W. 599; St. Louis, S. F. & Texas Ry. v. Wilson (Tex. Civ. App.) 262 S. W. 1074; McElwrath v. City of McGregor (Tex. Civ. App.) 58 S.W.(2d) 851. There is no testimony as to what a reasonable fee would be, other than a cash fee, and we are not authorized to assume that the jury considered a contingent fee, there being no evidence of what a reasonable contingent fee would be.

We find no reversible error in the record and the judgment is affirmed.